**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDAV CAPITAL, | |
| NISHA DESAI, | |
| *Plaintiffs*, | |
| v. | |
| PAYPAL HOLDINGS, INC., | |
| PAYPAL VENTURES, | |
| *Defendants.* | |

Case No. 1:25-cv-33-AT

# MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR RECUSAL OR DISQUALIFICATION

# TABLE OF CONTENTS

Table of Authorities ....................................................................................................ii

Introduction ................................................................................................................1

Background..................................................................................................................2

   A.    This case concerns a racial preference in private-sector business
        contracting that aims to remedy disparities in the economy............................2

   B.    This Court's individual practices contain a racial preference that aims
        to remedy disparities in the legal profession....................................................4

Legal Standard ...........................................................................................................4

Argument ....................................................................................................................5

   I.    This Court's individual practice of preferencing "underrepresented
       minorities" and members of "underrepresented groups" is
       unconstitutional and unethical. ........................................................................6

       A.    The practice violates the Constitution's equal-protection
           guarantee...................................................................................................6

       B.    The Court's practice violates the judicial-ethics codes. ........................ 11

       C.    Similar practices have prompted misconduct complaints
           and "corrective action." ......................................................................... 13

   II.   The Court's practice bears directly on disputed issues in this case............... 15

   III.  The Court's practice requires recusal or disqualification from
       this case........................................................................................................... 19

       A.    The Court's practice creates an appearance of partiality..................... 20

       B.    The Court's practice creates an appearance that the Court
           has a direct, personal interest in this litigation..................................... 22

       C.    The intolerable appearance of partiality cannot be cured in
           this case.................................................................................................. 24

Conclusion................................................................................................................ 25

Certificate of Compliance ....................................................................................... 27

Certificate of Service ............................................................................................... 27

Appendix................................................................................................................... 28

# TABLE OF AUTHORITIES

## Cases

*AAER v. Fearless Fund Mgmt.,*
103 F.4th 765 (11th Cir. 2024) .................................................................................. 17

*Adarand Constructors, Inc. v. Pena,*
515 U.S. 200 (1995) ................................................................................................ 6, 8

*Aetna Life Ins. Co. v. Lavoie,*
475 U.S. 813 (1986) .................................................................................................. 24

*Chase Manhattan Bank v. Affiliated FM Ins. Co.,*
343 F.3d 120 (2d Cir. 2003) ................................................................................ 4, 19

*Chinese Am. Citizens All. of Greater N.Y. v. Adams,*
116 F.4th 161 (2d Cir. 2024) ..................................................................................... 6

*Common Cause/N.Y. v. Brehm,*
432 F. Supp. 3d 285 (S.D.N.Y. 2020) ....................................................................... 9

*Connecticut v. Teal,*
457 U.S. 440 (1982) .................................................................................................. 17

*Dandamudi v. Tisch,*
686 F.3d 66 (2d Cir. 2012) ........................................................................................ 6

*Didonato v. Comm'r,*
105 T.C.M. (CCH) 1067 (2013) .............................................................................. 24

*Flanagan v. Georgetown,*
417 F. Supp. 377 (D.D.C. 1976) .............................................................................. 17

*Gorzynski v. JetBlue Airways Corp.,*
596 F.3d 93 (2d Cir. 2010) ....................................................................................... 17

*Gratz v. Bollinger,*
539 U.S. 244 (2003) .............................................................................................. 15-16

*Grutter v. Bollinger,*
539 U.S. 306 (2003) .............................................................................................. 7, 16

*In re Chevron U.S.A.,*
121 F.3d 163 (5th Cir. 1997) .................................................................................... 22

*In re Drexel Burnham Lambert Inc.,*
861 F.2d 1307 (2d Cir. 1988) ................................................................................... 23

*In re Evergreen Sec., Ltd.,*
570 F.3d 1257 (11th Cir. 2009) ................................................................................ 25

*In re Jud. Misconduct (Cebull)*,
   751 F.3d 611 (U.S. Jud. Conf. 2014) ................................................................ 22

*In re Jud. Misconduct (Paine)*,
   664 F.3d 332 (U.S. Jud. Conf. 2011) ............................................................21-22

*In re McBryde*,
   117 F.3d 208 (5th Cir. 1997) ......................................................................... 23

*In re Nettles*,
   394 F.3d 1001 (7th Cir. 2005) ....................................................................... 19

*In re Va. Elec. & Power Co.*,
   539 F.2d 357 (4th Cir. 1976) ......................................................................... 11

*Juarez v. Nw. Mut. Life Ins. Co.*,
   69 F. Supp. 3d 364 (S.D.N.Y. 2014) ................................................................6

*Lambrix v. Singletary*,
   520 U.S. 518 (1997) ...................................................................................... 20

*Ligon v. City of N.Y.*,
   736 F.3d 118 (2d Cir. 2013) ..........................................................................1

*Liljeberg v. Health Servs. Acquisition Corp.*,
   486 U.S. 847 (1988) ................................................................................. 5, 11

*Litovich v. Bank of Am. Corp.*,
   106 F.4th 218 (2d Cir. 2024) ......................................................................... 23

*Loving v. Virginia*,
   388 U.S. 1 (1967) ...........................................................................................6

*Miller v. Johnson*,
   515 U.S. 900 (1995) .......................................................................................6

*N. Shore Concrete & Assoc. v. City of N.Y.*,
   1998 WL 273027 (E.D.N.Y. Apr. 12) .............................................................9

*Nichols v. Alley*,
   71 F.3d 347 (10th Cir. 1995) ......................................................................... 19

*Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*,
   551 U.S. 701 (2007) ...................................................................... 8-9, 11, 19

*Potashnick v. Port City Constr. Co.*,
   609 F.2d 1101 (5th Cir. 1980) ....................................................................... 23

*Rose v. Mitchell*,
   443 U.S. 545 (1979) ...................................................................................... 21

*SFFA v. Harvard,*
  600 U.S. 181 (2023) ................................................................6-9, 12, 16, 18

*Shelley v. Kraemer,*
  334 U.S. 1 (1948) ...................................................................................6

*State v. Smulls,*
  935 S.W.2d 9 (Mo. 1996) ................................................................20-22

*United States v. Amico,*
  486 F.3d 764 (2d Cir. 2007) ........................................... 4-5, 19, 23-24

*United States v. Anderson,*
  160 F.3d 231 (5th Cir. 1998) ............................................................. 25

*United States v. Avilez-Reyes,*
  160 F.3d 258 (5th Cir. 1998) ............................................................. 25

*United States v. Cooley,*
  1 F.3d 985 (10th Cir. 1993) ............................................................... 21

*United States v. Gordon,*
  354 F. Supp. 2d 524 (D. Del. 2005) ................................................... 23

*United States v. Jordan,*
  49 F.3d 152 (5th Cir. 1995) ............................................................... 19

*United States v. Liggins,*
  76 F.4th 500 (6th Cir. 2023) .............................................................. 22

*United States v. Microsoft Corp.,*
  253 F.3d 34 (D.C. Cir. 2001) ....................................................... 11, 21

*United States v. Quinones,*
  201 F. Supp. 3d 789 (S.D.W. Va. 2016) ............................................ 11

*United States v. Rechnitz,*
  75 F.4th 131 (2d Cir. 2023) .................................................... 5, 20, 23

*United States v. Varner,*
  948 F.3d 250 (5th Cir. 2020) ............................................................. 20

*Veleron Holding, B.V. v. Morgan Stanley,*
  117 F. Supp. 3d 404 (S.D.N.Y. 2015) ............................................... 22

*W. States Paving Co. v. Wash. State DOT,*
  407 F.3d 983 (9th Cir. 2005) ...............................................................7

*Weddington v. Zatecky,*
  721 F.3d 456 (7th Cir. 2013) ............................................................. 20

*Williams v. Pennsylvania,*
   579 U.S. 1 (2016) ................................................................................... 21

**Statutes**

22 NYCRR §100.2(A) ................................................................................ 13

22 NYCRR §100.3(B)(4) ........................................................................... 13

22 NYCRR §100.3(E)(1)(c) ....................................................................... 13

22 NYCRR §100.3(E)(1)(d)(iii) ................................................................. 13

28 U.S.C. §455(a) ......................................................................................4

28 U.S.C. §455(b)(4) ................................................................................. 23

28 U.S.C. §455(b)(5)(iii) ........................................................................... 23

**Rules**

ABA MCJC Rule 1.1 ................................................................................. 12

ABA MCJC Rule 1.2 ................................................................................. 13

ABA MCJC Rule 2.11(A)(2)(c) ................................................................. 13

ABA MCJC Rule 2.3(B) ............................................................................ 13

ABA MCJC Rules 2.2 ............................................................................... 13

Canon 2A cmt., *Code of Conduct for U.S. Judges* .................................... 11

Canon 2A, *Code of Conduct for U.S. Judges* .......................................11-12

Canon 2C cmt., *Code of Conduct for U.S. Judges* ............................. 12, 21

Canon 2C, *Code of Conduct of U.S. Judges* ............................................ 21

Canon 3A(3) cmt., *Code of Conduct for U.S. Judges* ............................... 11

Canon 3C(1)(c), *Code of Conduct for U.S. Judges* ................................... 12

Canon 3C(1)(d)(iii), *Code of Conduct for U.S. Judges* ............................ 12

Rule 4(a), *Rules for Judicial-Conduct and Judicial-Disability Proceedings* ................................. 12

Rule 4(a)(3), *Rules for Judicial-Conduct and Judicial-Disability Proceedings* ............................. 12

**Other Authorities**

ABA, *Report on Resolution 515* (2023),
   perma.cc/JHD8-XBDU ...................................................................... 18

DECODE et al, *The State of AAPI in Venture Capital* (2024),
   perma.cc/KFV2-6XP7 ....................................................................... 19

Feuer, *A Judge Wants a Bigger Role for Female Lawyers.*
   *So He Made a Rule*, N.Y. Times (Aug. 23, 2017),
   perma.cc/N5FP-Y9ZU ....................................................................................... 18

*In re Complaints Against C.J. Nancy J. Rosenstengel et al.*,
   Nos. 07-24-90009, -90010 & -90011,
   Nos. 07-24-90018, -90019 & -90020, slip op.
   (7th Cir. Mar. 21, 2024) ........................................................................... 2, 13-16

NALP, *2023 Report on Diversity in U.S. Law Firms* (2024),
   perma.cc/V8SP-3CB2 ..................................................................................... 7-8

NYSBA, *The Time Is Now: Achieving Equality for Women*
   *Attorneys in the Courtroom and in ADR* (2020),
   perma.cc/4YWR-VXZK ................................................................................... 18

Press Release, Sen. Ted Cruz, *Sens. Cruz, Kennedy Investigate*
   *Federal Judges' Use of Discriminatory Rules in Granting of*
   *Oral Argument Requests* (Feb. 7, 2024),
   perma.cc/W8BN-Y5KG ................................................................................... 14

*Profile of the Legal Profession 2024: Demographics*,
   ABA, bit.ly/4fTZq0S (last visited Feb. 12, 2025) ...................................... 7-8

Scharf & Liebenberg, *First Chairs at Trial: More Women*
   *Need Seats at the Table* (ABA 2015),
   perma.cc/QU8H-CPUF ................................................................................... 17

Whelan, *Three Federal Judges Grant Oral Argument Based on*
   *Sex and Race of Attorneys*, Nat'l Rev. (Jan. 25, 2024),
   perma.cc/CPM5-5RTZ ................................................................................... 14

## INTRODUCTION

Plaintiffs and their counsel do not bring this motion lightly. But this case presents "unusual circumstances where both for the judge's sake and the appearance of justice, an assignment to a different judge is salutary and in the public interest" to "maintai[n] the judiciary's appearance of impartiality." *Ligon v. City of N.Y.*, 736 F.3d 118, 123-24, 129 (2d Cir. 2013) (per curiam).

This Court's practices regarding preferences based on race create at least a perception that the Court tolerates the practices that are at issue in this case. Plaintiffs sued PayPal over a multi-million-dollar investment program that discriminates against Asian-American business owners based on their race, while maintaining racial preferences for other minorities. This Court governs its courtroom per its self-imposed "Individual Practices in Civil Cases," which also provide preferences based on race. The Court encourages the participation of "underrepresented minorities" in courtroom proceedings by being "amenable" to having multiple attorneys speak if one attorney is "relatively inexperienced or *from an underrepresented group.*" *Individual Practices in Civil Cases* ¶III.K, Hon. Analisa Torres, U.S.D.J. (S.D.N.Y.) (Rev. Jan. 15, 2025), perma.cc/Y6LR-ZKX4 (emphasis added) (*Civ. Practices*). That practice creates an intolerable perception that this Court thinks racial preferences to promote proportional representation in an industry are lawful.

They are not. And regrettably, the Court's use of them violates the Constitution's equal-protection guarantee and the judicial-ethics canons. Any arguments that this

1

Court would make to defend its practice are arguments that PayPal will likely raise in this case—creating the perception that this Court has already considered and endorsed Defendants' side of this dispute. And because the Court maintains a racial preference like the one challenged here, it has a direct and personal interest in the subject matter and outcome of this proceeding.

Several judges in the Southern District of Illinois recently abandoned similar racial preferences. *See In re Complaints Against C.J. Nancy J. Rosenstengel et al.*, Nos. 07-24-90009, -90010 & -90011, Nos. 07-24-90018, -90019 & -90020, slip op. at 3-5 (7th Cir. Mar. 21, 2024), perma.cc/2E6J-L4BR. Even if this court withdrew its policy of racial preferences today—which might lessen the appearance of partiality in future cases—it would not prevent the need for recusal here. Because the Court's adoption of race-based principles echo the very ones challenged here, the public cannot be confident of impartial adjudication of these claims. This case should be reassigned to one of the many judges of this Court who do not maintain racial preferences in their courtroom procedures.

## BACKGROUND

**A.    This case concerns a racial preference in private-sector business contracting that aims to remedy disparities in the economy.**

This case concerns PayPal's exclusion of Nisha Desai and her venture-capital firm from its multi-million-dollar investment program because of Desai's race. In June 2020, PayPal unveiled a $530 million commitment to support minority-owned businesses in the United States. Compl. [ECF 1] ¶17. The commitment included a $500

million economic opportunity fund to support and strengthen Black and underrepresented minority businesses and communities, including by investing in "*minority-focused investment funds*." ¶18. PayPal's CEO confirmed that the economic opportunity fund would invest in "minority-owned investment funds." *Id.* Desai, an Asian-American woman, established Andav Capital to generate financial returns by investing in undervalued early-stage companies led by overlooked founders. ¶¶22, 23.a.

Within hours of PayPal's announcement, Desai communicated with PayPal executives about Andav's fit for the program. ¶¶30-34. After several weeks of exchanges, PayPal told Desai that the program preferred black and Hispanic-led firms over other races and ethnicities, including Asian Americans, which Desai raised as concerning and inappropriate, particularly when alternative practices were available. ¶39. PayPal then cut off Desai. ¶42. It told other Asian-American women, too, that their firms were ineligible because PayPal identified them as of Asian descent. ¶56. In total, PayPal's program invested $100 million in 19 venture capital firms, all led by "Black and Latinx managers." ¶¶43, 49, 55. Not $1 went to Asian-American woman-led funds, despite their demonstrated interest and fit. ¶55. Of the 38 awardee general partners, not one was an Asian-American woman. ¶59.

After attempting to resolve the matter, Desai and Andav sued PayPal. Plaintiffs assert claims of racial discrimination under the Civil Rights Act of 1866 (42 U.S.C. §1981); Title VI (42 U.S.C. §2000d); and New York state and city law. ¶¶37-42, 64-109.

**B.    This Court's individual practices contain a racial preference that aims to remedy disparities in the legal profession.**

This Court's individual practices expressly provide preferences for "underrepresented" minorities and groups. Titled "Participation of Junior Attorneys," Practice III.K says, "the Court strongly encourages relatively inexperienced attorneys—*in particular women and underrepresented minorities*—to participate in all courtroom proceedings." *Civ. Practices* ¶III.K (emphasis added). Specifically, "the Court is amenable to having multiple attorneys speak for one party if it creates an opportunity for a lawyer who is relatively inexperienced or *from an underrepresented group*." *Id.* (emphasis added). The justification for this rule is "[t]o assist in the training of the next generation of attorneys," as "opportunities for courtroom advocacy are increasingly rare" "[g]iven the decline in cases going to trial." *Id.* The Court seemingly adopted this practice in February 2018 and has maintained it ever since. *Compare Individual Practices in Civil Cases* ¶III.K, Hon. Analisa Torres, U.S.D.J. (S.D.N.Y.) (Rev. Feb. 6, 2018), perma.cc/3TTZ-C8D6, *with Individual Practices in Civil Cases*, Hon. Analisa Torres, U.S.D.J. (S.D.N.Y.) (Rev. Sept. 11, 2017), perma.cc/CP5B-LPJM.

## LEGAL STANDARD

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). Section 455(a) disqualifies judges for "an appearance of partiality, even though actual partiality has not been shown." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). The statute "deals exclusively with appearances," *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007);

"what matters is not the reality of bias or prejudice but its appearance," *United States v. Rechnitz*, 75 F.4th 131, 142 (2d Cir. 2023) (per curiam). "The very purpose of §455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). The question is what "an objective, disinterested observer fully informed of the underlying facts" would conclude. *Amico*, 486 F.3d at 775. If the question is close, "the balance tips in favor of recusal." *Rechnitz*, 75 F.4th at 143.

## ARGUMENT

This Court's practice of preferring "underrepresented minorities" and members of "underrepresented groups" creates an intolerable appearance of partiality here. That practice violates the Constitution's equal-protection guarantee and the judicial-ethics canons. By adopting it, this Court necessarily concluded otherwise, using the same (flawed) reasoning that PayPal will likely use to defend its program. A reasonable person knowing these facts would conclude that the Court has already passed judgment on the issues. And a disinterested observer would reasonably perceive that the Court has a direct, personal interest in ruling for PayPal, and thus avoiding the implication that its own practice is unconstitutional or unethical. Recusal, at least in this specific case, is required.

## I.  This Court's individual practice of preferencing "underrepresented minorities" and members of "underrepresented groups" is unconstitutional and unethical.

The Court's individual practice facially classifies by race. Both the Constitution and the judicial-ethics codes forbid that sort of racial classification.

### A.  The practice violates the Constitution's equal-protection guarantee.

The "core purpose" of the Constitution's equal-protection guarantees is to "d[o] away with all governmentally imposed discrimination based on race." *SFFA v. Harvard*, 600 U.S. 181, 206 (2023); *accord Loving v. Virginia*, 388 U.S. 1, 10 (1967) (collecting cases). "Its central mandate is racial neutrality in governmental decisionmaking." *Miller v. Johnson*, 515 U.S. 900, 904 (1995) (collecting cases). It applies to "judicial officers in their official capacities," *Shelley v. Kraemer*, 334 U.S. 1, 14 (1948), at both the state and federal levels, *see Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 217 (1995) (explaining that "the equal protection obligations imposed by the Fifth and the Fourteenth Amendments" are "indistinguishable"). A government "policy that discriminates on the basis of race is subject to strict scrutiny, regardless of its intended beneficiaries." *Chinese Am. Citizens All. of Greater N.Y. v. Adams*, 116 F.4th 161, 170 (2d Cir. 2024). Such a policy must be "narrowly tailored to further a compelling government interest." *Dandamudi v. Tisch*, 686 F.3d 66, 79 (2d Cir. 2012). This examination is "daunting." *SFFA*, 600 U.S. at 206.

This Court's practice unconstitutionally preferences some races over others. It does so "*on its face.*" *Juarez v. Nw. Mut. Life Ins. Co.*, 69 F. Supp. 3d 364, 370 (S.D.N.Y. 2014). The Court "strongly encourages relatively inexperienced attorneys—in particular

women and *underrepresented minorities*—to participate in all courtroom proceedings." *Civ. Practices* ¶III.K (emphasis added). The Court confirms that it "is amenable to having multiple attorneys speak for one party *if* it creates an opportunity for a lawyer who is relatively inexperienced *or* from an *underrepresented group*." *Id.* (emphases added). The meaning of "underrepresented minorities" and "underrepresented groups" is not mysterious here: in government documents, the term "minorities"—especially when listed separately from "women"—foremost refers to *racial* minorities. *E.g.*, *W. States Paving Co. v. Wash. State DOT*, 407 F.3d 983, 987 n.1 (9th Cir. 2005). And the term "underrepresented" assumes that certain racial "groups" should appear in a certain profession in direct proportion to the general population. *E.g.*, *SFFA*, 600 U.S. at 223; *Grutter v. Bollinger*, 539 U.S. 306, 316 (2003).

The Court's criteria exclude some races, like white and Asian Americans, from this courtroom opportunity based solely on their membership in a racial or ethnic "group." *Civ. Practices* ¶III.K. According to the ABA, whites are "overrepresented in the legal profession compared with their presence in the U.S. population." *Profile of the Legal Profession 2024: Demographics*, ABA, bit.ly/4fTZq0S (last visited Feb. 12, 2025) (*ABA Demographics*). And "Asian Americans are now represented in the legal profession very close to their share of the U.S. population," comprising 7% of lawyers and 6.4% of the population. *Id.*; *accord* NALP, *2023 Report on Diversity in U.S. Law Firms* 22 (2024), perma.cc/V8SP-3CB2 (comprising 8.57% of U.S. law firm attorneys) (*NALP Report*). According to the ABA's data, then, Blacks, Hispanics, and Native Americans are

"underrepresented" both in the legal profession and in U.S. law firms. Blacks comprise 5% of lawyers and 4.18% of law firm attorneys but 13.7% of the population; Hispanics comprise 6% of lawyers and 4.93% of law firm attorneys but 19.5% of the population; and Native Americans comprise 1% of lawyers and .25% of law firm attorneys but 2.7% of the population. *ABA Demographics*; *NALP Report* 22.

The Court's practice "distributes burdens or benefits on the basis of individual racial classifications." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 720 (2007). By the terms of its practice, the Court would permit two experienced male attorneys to speak for one party if one of them is black, Hispanic, or Native American but not if they are both white or Asian American. Dividing argument or other speaking responsibilities can be advantageous to the case, enabling attorneys to split the labor and drill down on certain issues. And as this Court's practice recognizes, the speaking time is a valuable experience that helps the individual lawyer's career. *Civ. Practices* ¶III.K. The Court's practice explicitly makes this advantage more available to some attorneys "based on the color of their skin." *SFFA*, 600 U.S. at 229. Such a "racial classification subjecting" attorneys "to unequal treatment" is subject to "the strictest judicial scrutiny." *Adarand*, 515 U.S. at 224.

The Court's practice fails strict scrutiny. The stated interest in "training … the next generation of attorneys" by providing "opportunities for courtroom advocacy," *Civ. Practices* ¶III.K, is "elusive," "inescapably imponderable," and "not sufficiently co-herent for purposes of strict scrutiny," *SFFA*, 600 U.S. at 214-16 (rejecting Harvard's

similar interest in "training future leaders"). It also uses race "as a 'negative'" by disadvantaging certain white and Asian-American male attorneys in getting (what the Court admits are finite and shrinking) speaking opportunities. *SFFA*, 600 U.S. at 218. This Court's practice is also fatally "overinclusive." *N. Shore Concrete & Assoc. v. City of N.Y.*, 1998 WL 273027, at *12-13 (E.D.N.Y. Apr. 12). By treating race as a "prox[y]" for inexperience, this Court's practice "erroneously capture[s]" highly experienced attorneys with vast courtroom experience. *Common Cause/N.Y. v. Brehm*, 432 F. Supp. 3d 285, 293-94 (S.D.N.Y. 2020) (Nathan, J.). It would let two highly experienced male attorneys speak if one is black or Hispanic, but not if both are white or Asian American—even if the black or Hispanic lawyer is *taking* an opportunity from someone less experienced. If the goal were training inexperienced attorneys, then the Court could simply give preferences based on inexperience—an obvious "race-neutral alternativ[e]" that's better tailored to that goal. *Parents Involved*, 551 U.S. at 735.

Other judges' practices prove the point. Many judges simply "encourag[e] the participation of less experienced attorneys in all proceedings" and are "amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate." *E.g.*, *Individual Rules of Practice in Civil Cases* ¶3.B, Hon. Mary Kay Vyskocil, U.S.D.J. (S.D.N.Y.) (Rev. July 17, 2020), perma.cc/24DH-NXXP. Some judges even "will make a greater effort to grant argument where a junior attorney will argue the motion." *Individual Practices in Civil Cases* ¶3.E, Hon. Nelson S. Román, U.S.D.J. (S.D.N.Y.) (July 23, 2013), perma.cc/75M6-3RFE; *see also Individual Rules and*

*Practices in Civil Cases* ¶3.E, Hon. Jesse M. Furman, U.S.D.J. (S.D.N.Y.) (Rev. Jan. 2, 2025), perma.cc/B9FU-GDQW. Of the 36 judges in the Southern District that have a practice of this sort, 34 do not use race-based criteria. *See* App'x. Only one other judge has a racial preference like this Court's.[1] At least one judge once employed a preference but has since eliminated it.[2] In the neighboring Eastern District, only four of the 20 judges that encourage participation of less-experienced attorneys express a racial preference like this Court's. *See* App'x.[3] There is no reason to believe that a race-neutral

---

[1] *See Individual Rules and Practices in Civil Cases* ¶3.e, Dale E. Ho, U.S.D.J. (S.D.N.Y.) (Rev. Aug. 13, 2024), perma.cc/7Q9M-F5W3 (inviting "the participation of less experienced attorneys (i.e., those with six or fewer years of experience), including attorneys from *backgrounds that historically have been underrepresented* in the federal bar" (emphasis added)).

[2] *Compare Individual Rules and Practices in Civil Cases* ¶3.e, Jessica G. L. Clarke, U.S.D.J. (S.D.N.Y.) (June 2023), perma.cc/XV8A-L38A ("Participation by Junior Attorneys and Attorneys from *Diverse Backgrounds*. The Court encourages the participation of less experienced attorneys and attorneys from *diverse backgrounds*, who *historically have been underrepresented* in the federal bar, in all proceedings … . To facilitate this provision, the Court is amenable to permitting more than one attorney to argue for one party." (emphases added)), *with Individual Rules and Practices in Civil Cases* ¶3.f, Jessica G. L. Clarke, U.S.D.J. (S.D.N.Y.) (July 2024), perma.cc/LAH9-TH53 ("Participation by Junior or Less Experienced Attorneys. The Court encourages the participation of junior attorneys and attorneys seeking additional experience in federal court … . To facilitate this provision, the Court is amenable to permitting more than one attorney to argue or present for one party.").

[3] *Individual Rules for Civil and Criminal Cases* ¶¶4.2.1, 4.2.3, 5.7 Nusrat J. Choudhury, U.S.D.J. (E.D.N.Y.) (Upd. Nov. 1, 2024), perma.cc/K8VM-QKEJ (preferencing "lawyers from *diverse backgrounds*, including those *historically underrepresented* in the federal bar and less experienced attorneys," and "facilitat[ing] participation of attorneys from *communities historically underrepresented* in the federal bar and/or less experienced attorneys" (emphases added)); *Individual Practices* ¶II.B, Hector Gonzalez, U.S.D.J. (E.D.N.Y.) (Upd. June 3, 2024), perma.cc/2LM9-RHKY (preferencing "women and *diverse lawyers*, who *historically have been underrepresented* in the federal bar, as well as younger lawyers" (emphases added)); *Individual Practice Rules* ¶II.D, Natasha C. Merle, U.S.D.J. (E.D.N.Y.) (Upd. Aug. 20, 2024), perma.cc/HV59-RD8Q (preferencing "less experienced attorneys … and attorneys from *backgrounds that historically have been underrepresented* in the federal bar" (emphasis added)); *Individual Practice Rules* ¶¶4.2, 4.2.2, 5.7 Nina R. Morrison, U.S.D.J. (E.D.N.Y.) (Upd. Aug. 3, 2023), perma.cc/Y69W-WSLT (preferencing "lawyers from *diverse backgrounds*, including those who *historically have been underrepresented* in the federal bar, as well as less experienced attorneys," and "facilitat[ing] participation of attorneys who *historically have been underrepresented* in the federal bar and/or less experienced attorneys" (emphases added)).

approach has not afforded junior attorneys meaningful speaking opportunities. Because "methods other than explicit racial classifications" would "achieve [its] stated goals," this Court's practice fails strict scrutiny. *Parents Involved*, 551 U.S. at 735.

**B.    The Court's practice violates the judicial-ethics codes.**

The Court's practice is also unethical. The recusal statute "was rewritten to conform with the ABA's Code of Judicial Conduct" and "intended to align the statutory and ethical standards governing disqualification of federal judges." *United States v. Quinones*, 201 F. Supp. 3d 789, 793 (S.D.W. Va. 2016); *accord Liljeberg*, 486 U.S. at 858 n.7. Courts accordingly consult these standards in applying §455(a). *See, e.g.*, *United States v. Microsoft Corp.*, 253 F.3d 34, 114-16 (D.C. Cir. 2001) (per curiam); *In re Va. Elec. & Power Co.*, 539 F.2d 357, 369 (4th Cir. 1976). The Court's practice violates several of those standards.

First, the Court's practice violates the Code of Conduct of U.S. Judges. Canon 2A requires federal judges to "respect and comply with the law" and to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *Code of Conduct for U.S. Judges*, perma.cc/Y5XP-47JE. As the commentary explains, "A judge must avoid all impropriety and appearance of impropriety." Canon 2A cmt. That duty "applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities." Canon 3A(3) cmt. In addition, Canon 3C provides that "[a] judge shall disqualify … herself in a proceeding in which the judge's impartiality might reasonably be questioned, including" where the judge

knowingly has an "interest that could be affected substantially by the outcome of the proceeding." Canon 3C(1)(c), (d)(iii).

The Court's practice of employing racial preferences violates equal protection and thus does not "respect" or "comply with the law." Canon 2A; *see supra* I.A. The commentary is clear that "public manifestation by a judge of the judge's knowing approval of invidious discrimination on any basis gives the appearance of impropriety under Canon 2 and diminishes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A." Canon 2C cmt. And "racial discrimination is invidious in all contexts." *SFFA*, 600 U.S. at 214 (cleaned up). No racial discrimination is benign: it always "demeans the dignity and worth of a person to be judged by" his race. *Id.* at 220.

Second, the Court's practice is cognizable misconduct under the Rules for Judicial-Conduct and Judicial-Disability Proceedings. Cognizable judicial misconduct is "conduct prejudicial to the effective and expeditious administration of the business of the courts." Rule 4(a), *Rules for Judicial-Conduct and Judicial-Disability Proceedings*, perma.cc/3WPE-WSF5. "Cognizable misconduct includes intentional discrimination on the basis of race, color, [or] sex," among other things. Rule 4(a)(3). As explained, this Court's practice does so.

Third, the Court's practice violates the ABA Model Code of Judicial Conduct and the New York Rules Governing Judicial Conduct, which provide many of the same standards discussed above. *See, e.g.*, ABA MCJC Rule 1.1, bit.ly/4hcUzZo ("A judge

shall comply with the law"); ABA MCJC Rule 1.2 ("A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."); 22 NYCRR §100.2(A) (similar); *see also* ABA MCJC Rule 2.2, 2.11(A)(2)(c); 22 NYCRR §100.3(E)(1)(c), (d)(iii). Like the federal codes, the ABA Code provides that "[a] judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice … based upon race, sex, … [or] ethnicity." ABA MCJC Rule 2.3(B); *see* 22 NYCRR §100.3(B)(4) (similar).

### C. Similar practices have prompted misconduct complaints and "corrective action."

Similar racial preferences have been the subject of judicial-ethics complaints. Last year, for example, multiple complaints were filed against several judges of the Southern District of Illinois over their standing orders that "encourage[d] the participation of newer, female, and minority attorneys in proceedings." *Rosenstengel*, slip op. at 2. Just like this Court's practices, those courts' standing orders noted the "growing trend in which fewer cases go to trial," resulting in "fewer in-court advocacy opportunities," especially for "newer attorneys (attorneys practicing for less than seven years) in general, and women and underrepresented minorities in particular." *Id.* So if a "newer, female, or minority attorney" were to argue, the judges would hold oral argument, consider allocating additional time, and permit a more experienced attorney to assist. *Id.* These

orders, according to the misconduct complaints, unconstitutionally discriminated based on race, ethnicity, and sex and violated the judicial-ethics codes. *Id.* at 2-3.

The complaints triggered a major response. Members of the U.S. Senate Judiciary Committee called the policies "both unethical and unconstitutional," explaining that basing oral-argument decisions "on the sex or race of the attorney undermines the principles of impartiality, fairness, due process, and the equal protection under the law upon which our judicial system is built." Press Release, Sen. Ted Cruz, *Sens. Cruz, Kennedy Investigate Federal Judges' Use of Discriminatory Rules in Granting of Oral Argument Requests* (Feb. 7, 2024), perma.cc/W8BN-Y5KG. A highly followed legal commentator observed, "What are they thinking?!? So much for judicial impartiality." Whelan, *Three Federal Judges Grant Oral Argument Based on Sex and Race of Attorneys*, Nat'l Rev. (Jan. 25, 2024), perma.cc/CPM5-5RTZ. He added that "the judges are explicitly discriminating on the basis of sex and race. Such conduct is blatantly unethical and unconstitutional." *Id.*

When confronted with misconduct complaints, the judges essentially admitted the charge. Upon a "limited inquiry" by Chief Judge Sykes of the Seventh Circuit, two of the judges "recognized the concerns," "acknowledged the problem," and "took voluntary action to correct it." *Rosenstengel*, slip op. at 4. They rescinded the orders and removed references to "underrepresented minorities" and "women" from their procedures. *Id.* The third judge had done so before the complaints were filed. *Id.* As Chief Judge Sykes explained, the judges took "appropriate voluntary corrective action" and

"eliminated their prior policies of preferential treatment based on a lawyer's sex, gender, race, or ethnicity." *Id.* at 5. The judges' procedures now state only that they "welcome" or "encourage" oral argument by "relatively inexperienced attorneys." *Id.* Their revised procedures make no reference to race or a particular protected class. *Id.* One judge acknowledged that her standing order "created perceived preferences based on immutable characteristics" and that she "chose the wrong means to accomplish [her] goal of expanding courtroom opportunities for young lawyers." *Id.* at 8. Another judge similarly acknowledged that the standing order "created a perception of preferences based on immutable characteristics." *Id.* at 10.

This Court's practice is equally problematic. As with those standing orders, this Court gives preferential treatment to certain racial "groups" in oral-argument opportunities. This Court uses the same language about "underrepresented" minorities. And this Court's stated interest in better allocating scarce opportunities at the podium is identical. But unlike those judges, this Court has still not recognized that a racial preference is "the wrong means to accomplish [that] goal." *Id.* at 8.

## II.    The Court's practice bears directly on disputed issues in this case.

To defend its practice, this Court would likely offer—or has already accepted—many of the same arguments that PayPal will use to defend its program here. While this Court's practice violates the Constitution and PayPal's violates Title VI and §1981, the legal standards are the same. "[D]iscrimination that violates the [Constitution]… also constitutes a violation of Title VI." *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003);

*accord SFFA*, 600 U.S. at 198 n.2. And "purposeful discrimination that violates the Equal Protection Clause … will also violate §1981." *Gratz*, 539 U.S. at 276 n.23. Thus, racial discrimination that fails strict scrutiny also violates Title VI or §1981, and vice versa. *See Grutter*, 539 U.S. at 343. Consider this Court's and PayPal's likely defenses in turn.

First, PayPal will argue that it did not discriminate against Desai because of her Asian race. It might claim that its fund serves all "underrepresented minority businesses and communities" and all "minority-focused investment funds," Compl. ¶18 (cleaned up), rather than excluding Asian, white, and Native Americans. Or it might argue that, despite its stated racial preference, it never *actually* excluded those groups when making funding decisions. This Court might likewise say its preferences for "underrepresented minorities" and members of "underrepresented groups" are race neutral. *Civ. Practices* ¶III.K. And, like the Illinois judges, it might claim that it never actually based oral-argument decisions on attorneys' race. *See Rosenstengel*, slip op. at 7, 9-10. This Court's practice thus implicates the very same language and factual defenses that PayPal will likely raise here. A reasonable observer would question whether this Court will be more inclined to take PayPal's exonerating view of its statements or to deem PayPal's promises of nondiscrimination credible.

Second, PayPal might argue that it did not discriminate based on race *alone*, since black and Hispanic funds had to prove the quality of their proposal and a willingness to serve "underrepresented minority businesses and communities." Compl. ¶18. So too this Court could say that its practice also benefits white and Asian lawyers, if they are

women, inexperienced, or "underrepresented" in some way other than race. That argument should fail: The relevant question should be whether two individuals who are similarly situated in all other respects—say, two straight males of similar experience but one is white and one is black—are treated differently based on race. *See Connecticut v. Teal*, 457 U.S. 440, 455 (1982); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 109 (2d Cir. 2010). In other words, it is racial discrimination if a black person automatically qualifies but a white person qualifies only if he can prove "underrepresentation" in some other way. *See Flanagan v. Georgetown*, 417 F. Supp. 377, 382 (D.D.C. 1976). But because this Court apparently does not think so, a reasonable observer would question this Court's impartiality in adjudicating PayPal's liability.

Third, PayPal will likely argue that its program is lawful affirmative action designed to remedy existing disparities in the economy. *E.g.*, *AAER v. Fearless Fund Mgmt.*, 103 F.4th 765, 776-77 (11th Cir. 2024) (rejecting this defense to justify a similar program). This Court would likely say the same about its practice. Judicial initiatives to encourage courtroom participation of less-experienced attorneys have long been considered "integral to the efforts" to remedy disparities among women and minorities in the legal profession. Scharf & Liebenberg, *First Chairs at Trial: More Women Need Seats at the Table* 15-16 (ABA 2015), perma.cc/QU8H-CPUF. Specifically, "rules of practice to encourage women and diverse attorneys to have a lead role at court appearances" are believed to "hel[p] women and diverse attorneys have greater access to opportunities." NYSBA, *The Time Is Now: Achieving Equality for Women Attorneys in the Courtroom and in*

*ADR* 61, 67 (2020), perma.cc/4YWR-VXZK; *see, e.g.*, Feuer, *A Judge Wants a Bigger Role for Female Lawyers. So He Made a Rule*, N.Y. Times (Aug. 23, 2017), perma.cc/N5FP-Y9ZU (explaining that Judge Weinstein adopted a policy of encouraging junior-attorney participation given "studies of underrepresentation of female attorneys and minorities"). For years, the ABA and NYSBA have championed resolutions urging judges to adopt policies supporting oral arguments presented by junior attorneys to "[p]romote [d]iversity in the [p]rofession," as "new and young lawyers, particularly those who are women and people of color, receive few opportunities to meaningfully participate in court proceedings." ABA, *Report on Resolution 515*, at 1-2, 5 (2023), perma.cc/JHD8-XBDU. That vague interest in remedying prior societal discrimination, however, cannot justify an explicit racial preference. *See SFFA*, 600 U.S. at 226-30. But a reasonable observer would question this Court's willingness to say so.

Fourth, PayPal will likely argue that its program satisfies strict scrutiny. But it does not, for all the same reasons that this Court's practice does not. *Supra* I.A. The purported justifications for PayPal's program—"to help address economic inequality" and to "drive financial health, access and generational wealth creation," Compl. ¶¶17-18—are not "sufficiently coherent" or "measurable." *SFFA*, 600 U.S. at 214. PayPal's program uses race "as a 'negative'" by excluding wholesale Americans who are white, Asian, or Native American. *Id.* at 218. And PayPal's program is overinclusive because various black and Hispanic fund managers do not face funding disparities, while various whites, Asians, and Native Americans do. *See generally* DECODE et al, *The State of AAPI*

*in Venture Capital* (2024), perma.cc/KFV2-6XP7. And PayPal did not attempt to implement any race-neutral alternatives, like committing to investment funds run by general partners who were first-generation college graduates or first-generation white-collar workers. *See Parents Involved*, 551 U.S. at 735. No matter who is right, a reasonable observer who knew about this Court's practice would not deem it a neutral referee.

## III.   The Court's practice requires recusal or disqualification from this case.

Courts decide whether a judge's "impartiality might reasonably be questioned" under §455(a) from the perspective of "an objective, disinterested observer fully informed of the underlying facts." *Amico*, 486 F.3d at 775. That determination is "based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank*, 343 F.3d at 127. Courts "must bear in mind that 'these outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be.'" *In re Nettles*, 394 F.3d 1001, 1002 (7th Cir. 2005). "[E]ach §455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995) (requiring recusal despite "no case … precisely on point"); *see Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995) (same despite "no case with similar facts to which we can look for guidance").

The Court's practice creates an unfortunate appearance of partiality. Regardless whether it requires recusal or disqualification in other cases about racial preferences, it does so here.

### A.    The Court's practice creates an appearance of partiality.

The "unusual combination of facts" here—a court whose "Practices in Civil Cases" supports racial preferences presiding over a civil case challenging racial preferences—"would cause a reasonable person to question the district judge's impartiality and [i]s sufficient to necessitate recusal." *Rechnitz*, 75 F.4th at 144.

Having adopted its individual practice and having maintained it for years, the Court presumably concluded in the past—and still believes—that the practice is lawful. *See Lambrix v. Singletary*, 520 U.S. 518, 532 n.4 (1997) ("Trial judges are presumed to know the law and to apply it in making their decisions."). An objective, disinterested observer would reasonably conclude that this Court thinks racial preferences designed to offset ongoing disparities in a particular field are lawful. They plainly are not. So this Court's practice, at best, "manifest[s] a lack of understanding of the import of the issues underlying" racial preferences. *State v. Smulls*, 935 S.W.2d 9, 26 (Mo. 1996).

Worse, because PayPal likely will raise the same arguments that this Court would use to defend its practice under the same legal standard, a reasonable observer would think the Court has necessarily passed judgment on the issues presented here. Though the Court likely adopted its practice with "the most benign motives," it has "unintentionally convey[ed] its tacit approval of [PayPal's] underlying legal position." *United States v. Varner*, 948 F.3d 250, 256 (5th Cir. 2020). Absent recusal, the Court "effectively would be reviewing an issue and matter over which she had already passed judgment." *Weddington v. Zatecky*, 721 F.3d 456, 462 (7th Cir. 2013); *cf. Williams v. Pennsylvania*, 579

U.S. 1, 9 (2016) (describing "risk that the judge 'would be so psychologically wedded' to his or her previous position … that the judge 'would consciously or unconsciously avoid the appearance of having erred or changed position'").

Concerns over the appearance of partiality are particularly acute in the context of race. "Discrimination on the basis of race, odious in all aspects, is especially pernicious in the administration of justice." *Rose v. Mitchell*, 443 U.S. 545, 555 (1979). "Because judges control the courtroom, judicial behavior must be beyond reproach. Conduct of judges … that raises questions of racial bias, even when the conduct may seem relatively minor in its manifestation undermines the credibility of the judicial system and opens the integrity of the judicial system to question." *Smulls*, 935 S.W.2d at 26.

That this case and the Court's practice both involve race exacerbates the appearance of partiality. Consider the Code of Conduct for U.S. Judges, which "informs [the] analysis" here. *United States v. Cooley*, 1 F.3d 985, 995 n.8 (10th Cir. 1993); *see Microsoft*, 253 F.3d at 114-16. The commentary makes plain that "*public manifestation by a judge* of the judge's knowing approval of invidious discrimination *on any basis* gives the appearance of impropriety … and diminishes public confidence in the integrity and impartiality of the judiciary." Canon 2C cmt. (emphasis added). Even the appearance of approving racial discrimination—like "membership in any organization that practices" it, Canon 2C—"gives the appearance of impropriety," regardless whether the judge "personally practices or participates in invidious discrimination." *In re Jud. Misconduct* (*Paine*), 664 F.3d 332, 338 (U.S. Jud. Conf. 2011). So, too, when a judge adopts a courtroom

21

practice that racially classifies on its face (and to the detriment of the same racial groups that PayPal targeted here). Such conduct "by a sitting judge necessarily has 'a prejudicial effect on the administration of the business of the courts, including a substantial and widespread lowering of public confidence in the courts among reasonable people.'" *Id.* at 339.

Moreover, several courts have held that "racially insensitive statements" can lead "a reasonable person [to] harbor doubts about the trial judge's impartiality," particularly "in litigation in which racial or ethnic considerations are relevant to an issue before the court." *In re Chevron U.S.A.*, 121 F.3d 163, 166-67 (5th Cir. 1997); *e.g.*, *Smulls*, 935 S.W.2d at 26 ("gratuitous statements" about race in a case involving "*Batson*"); *see also In re Jud. Misconduct (Cebull)*, 751 F.3d 611, 624 (U.S. Jud. Conf. 2014) (race-related joke in an email); *United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023) (remark that minority defendant "looks like a criminal to me" "raise[d] the specter of [racial] bias"). If "[a]ctions speak louder than words," then the Court's decision to enshrine racial preferences in its written procedures "speaks volumes" about its perceived impartiality in adjudicating the racial preference challenged here. *Veleron Holding, B.V. v. Morgan Stanley*, 117 F. Supp. 3d 404, 432 (S.D.N.Y. 2015).

## B. The Court's practice creates an appearance that the Court has a direct, personal interest in this litigation.

Section 455(a) also "applies when a reasonable person would conclude that a judge was violating Section 455(b)(4)." *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 226

(2d Cir. 2024) (per curiam); *see Rechnitz*, 75 F.4th at 143 (explaining that these provisions can be "considered in tandem"). Section 455(b)(4) requires recusal where the judge has a financial interest or "any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. §455(b)(4); *see also id.* §455(b)(5)(iii). This "other interest" language includes "an interest in the subject matter of the litigation." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1314 (2d Cir. 1988). The disqualifying interest need only have "the potential to be affected by the outcome" of the case. *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1113 (5th Cir. 1980).

A disinterested observer would conclude that this Court has a direct, personal interest in the subject matter and outcome of this case: defending its reputation and avoiding a complaint or sanction for judicial misconduct. "People rightly treasure their good names." *United States v. Gordon*, 354 F. Supp. 2d 524, 528 (D. Del. 2005). The Second Circuit has required disqualification where "an observer could form the impression" that the outcome could be influenced by the judge's interest in "protect[ing] his own reputation." *Amico*, 486 F.3d at 776; *see also Potashnick*, 609 F.2d at 1113 (recognizing qualifying interest in one's "reputation and goodwill" negatively affected by the "outcome of any proceeding"); *In re McBryde*, 117 F.3d 208, 223 (5th Cir. 1997) (citing "damage done to [district judge's] reputation" from case reassignment).

This Court's "reputational interest is clearly at stake here." *Gordon*, 354 F. Supp. 2d at 528. According to Plaintiffs' motion, the Court's race-based practice is unconstitutional and unethical—a charge that would naturally lead the Court to defend its

policies and avoid negative professional and reputational consequences. *See Didonato v. Comm'r*, 105 T.C.M. (CCH) 1067 (2013) ("People have a natural tendency to defend their reputation." (cleaned up)). A "disinterested observer might conclude" that this Court will feel "obligated to address these allegations" of race discrimination "and to put them to rest" by deeming them lawful—*i.e.*, by ruling for PayPal. *Amico*, 486 F.3d at 776. Because this case presents the same underlying questions about the lawfulness of this Court's practice, a favorable ruling for PayPal would support any defense of this Court's practice, while a favorable ruling for Plaintiffs would undermine it. A disinterested observer would conclude that the situation here "is one which would offer a possible temptation to the average judge to lead him not to hold the balance nice, clear and true." *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 822 (1986) (cleaned up).

### C.    The intolerable appearance of partiality cannot be cured in this case.

The appearance of partiality would survive any corrective action that this Court might take with respect to its practice. Even if the Court amends its practices to eliminate all racial preferences, the appearance of partiality will remain in *this* case. The Court will still be tempted to defend its prior practice by ruling that PayPal's racial preference is not impermissible discrimination. *See Amico*, 486 F.3d at 776. And any such corrective action by this Court would be reasonably viewed by the disinterested observer as a concession that the Court's practice is unconstitutional, unethical, or both—a concession that Plaintiffs here produced. This situation is less like "[t]he mere filing of a

complaint of judicial misconduct," *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009), and more like "testif[ying] adversely against [the judge] in a Judicial Council proceeding," *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998) (requiring recusal); *accord United States v. Avilez-Reyes*, 160 F.3d 258, 259 (5th Cir. 1998). A reasonable observer would still question the Court's impartiality in *this* racial-preference case, even if they might not in future racial-preference cases.

## CONCLUSION

The Court should grant Plaintiffs' motion for recusal or disqualification. This case should be reassigned to a judge whose individual practices do not contain a racial preference.

Dated: February 12, 2025

Respectfully submitted,

*/s/   Thomas R. McCarthy*

Thomas R. McCarthy*
Cameron T. Norris*
Daniel M. Vitagliano†
 SDNY Bar No. 5856703
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
tom@consovoymccarthy.com
cam@consovoymccarthy.com
dvitagliano@consovoymccarthy.com

Patrick N. Strawbridge*
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
patrick@consovoymccarthy.com

*Admitted pro hac vice*
†*Supervised by principals of the firm*
 *admitted to practice in VA*

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 6,463 words and so complies with ¶III.D. of this Court's Individual Practices in Civil Cases.

*/s/  Thomas R. McCarthy*

## CERTIFICATE OF SERVICE

I certify that on February 12, 2025, I e-filed this memorandum with the Court via ECF, which will automatically email everyone who has appeared. I am also serving the foregoing by overnight delivery service to counsel for Defendants and providing a courtesy copy by email.

*/s/  Thomas R. McCarthy*

## APPENDIX

The following provisions are reproduced from the rules or practices posted on the individual judges' pages on the SDNY and EDNY websites as of February 12, 2025.

**Hon. Valerie Caproni, U.S.D.J (S.D.N.Y.), Individual Practices in Civil Cases**
(https://perma.cc/GU85-TV8F)

¶3.C.iii:    **Court Appearances.** … The Court encourages the participation of junior attorneys in all proceedings, particularly where a junior attorney played a substantial role in drafting a submission or preparing a witness. To encourage such participation, the Court will, upon request, allow more than one attorney to argue a motion on behalf of a party.

¶4.D:    **Oral Argument on Motions.** Parties may request oral argument by letter or directly on the cover of the briefs when they file their moving, opposing, or reply papers. The Court will determine whether argument will be heard and may order oral argument *sua sponte*. As stated above in Rule 3(D)(iii), the Court encourages the participation of junior attorneys in oral arguments, particularly when a junior attorney played a substantial role in drafting a submission. To encourage such participation, the Court will, upon request, allow more than one attorney to argue a motion on behalf of a party.

**Hon. Jessica G. L. Clarke, U.S.D.J. (S.D.N.Y.), Individual Rules and Practices in Civil Cases** (https://perma.cc/JPC5-4XDE)

¶3.f:    **Participation by Junior or Less Experienced Attorneys.** The Court encourages the participation of junior attorneys and attorneys seeking additional experience in federal court, particularly where the attorneys played a substantial role in drafting the underlying filing or in preparing the relevant witness. To facilitate this provision, the Court is amenable to permitting more than one attorney to argue or present for one party.

**Hon. John P. Cronan, U.S.D.J. (S.D.N.Y.), Individual Rules and Practices in Civil Cases** (https://perma.cc/C9HP-ZWHF)

¶6.C:    **Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving, opposing, or reply papers are filed. Oral argument will be held at the Court's discretion. If the Court determines that argument will be heard, the Court will advise counsel of the argument date and time. Where junior lawyers are familiar with the matter under consideration, but are not experienced in arguing before a court, they should be encouraged to actively participate. If oral argument is granted, the Court is amendable to permitting more than one lawyer to argue for a party, especially where it creates an opportunity for a junior lawyer to argue.

**Hon. George B. Daniels, U.S.D.J. (S.D.N.Y.), Individual Rules and Practices**
(https://perma.cc/2YAZ-U5DS)

¶IV.E:   **Encouraging Courtroom Advocacy by Junior Lawyers.**
Opportunities to train new lawyers in courtroom skills have become
increasingly rare. Accordingly, where junior lawyers are familiar with
the matter under consideration by this Court but are less experienced
in arguing a motion, they are encouraged to actively participate in
courtroom proceedings. In such circumstances, where a junior lawyer
is afforded the opportunity to present arguments to this Court, Judge
Daniels is amenable to permitting more than one lawyer to argue for a
party. However, the ultimate decision of who speaks on behalf of a
client rests with the lawyer responsible for the case, not with this Court.

**Hon. Katherine Polk Failla, U.S.D.J. (S.D.N.Y.), Individual Rules of Practice
in Civil Cases** (https://perma.cc/2APZ-DPBS)

¶3.C:   **Participation by Junior Attorneys.** The Court encourages the
participation of less experienced attorneys in all proceedings —
including pretrial conferences, hearings on discovery disputes, oral
arguments, and examinations of witnesses at trial — particularly where
that attorney played a substantial role in drafting the underlying filing
or in preparing the relevant witness. The Court is amenable to
permitting more than one lawyer to argue for one party if this creates
an opportunity for a junior lawyer to participate.

**Hon. Jesse M. Furman, U.S.D.J. (S.D.N.Y.), Individual Rules and Practices
in Civil Cases** (https://perma.cc/QRT2-AYEL)

¶3.E:   **Participation by Junior Attorneys.** The Court encourages the
participation of less experienced attorneys in all proceedings —
including pretrial conferences, hearings on discovery disputes, oral
arguments, and examinations of witnesses at trial — particularly where
that attorney played a substantial role in drafting the underlying filing
or in preparing the relevant witness. The Court may be inclined to
grant a request for oral argument, which it generally disfavors, where
doing so would afford the opportunity for a junior attorney to gain
courtroom experience. Nevertheless, all attorneys appearing before the
Court must have authority to bind the party they represent consistent
with the proceeding (for example, by agreeing to a discovery or briefing
schedule), and should be prepared to address any matters likely to arise
at the proceeding.

**Hon. Margaret M. Garnett, U.S.D.J. (S.D.N.Y.), Individual Rules & Practices**
(https://perma.cc/EB6Q-923X)

¶II.A.4:   **Participation by Junior Attorneys.** The Court encourages the participation of less experienced attorneys in all proceedings—including pretrial conferences, hearings on discovery disputes, and witness examinations at trial—particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. The Court may be inclined to grant a request for oral argument, which it generally disfavors, where doing so would afford the opportunity for a junior attorney to gain courtroom experience. Nevertheless, all attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceeding (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding.

**Hon. Philip M. Halpern, U.S.D.J. (S.D.N.Y.), Individual Practices in Civil Cases** (https://perma.cc/MK42-SXBL)

¶4.M:   **Participation of Junior Attorneys.** To assist in the training of the next generation of attorneys, the Court strongly encourages relatively inexperienced attorneys—in particular, attorneys with less than 5 years' experience—to participate in all courtroom proceedings including the oral argument of motions before the Court. Further, the Court is amenable to having multiple attorneys speak for one party if it creates an opportunity for a lawyer who is relatively inexperienced. However, all attorneys appearing should have the degree of authority consistent with the proceeding.

**Hon. Dale E. Ho, U.S.D.J. (S.D.N.Y.), Individual Rules and Practices in Civil Cases** (https://perma.cc/X567-QTRT)

¶3.b.i:   **Remote Conferences.** Absent permission of the Court, no more than one attorney shall speak on behalf of any party.

¶3.e:   **Participation of Attorneys.** The Court invites the participation of less experienced attorneys (i.e., those with six or fewer years of experience), including attorneys from backgrounds that historically have been underrepresented in the federal bar, where the attorney(s) played a substantial role in drafting the underlying filing or preparing the relevant witness. Notwithstanding Section 3(b)(i), the Court may permit more than one attorney to argue for one party. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

**Hon. Lewis J. Liman, U.S.D.J. (S.D.N.Y.), Individual Practices in Civil Cases** (https://perma.cc/G6VX-J6J9)

¶6:    **Participation by Junior Attorneys, Generally.** The Court encourages the participation of less experienced attorneys in all proceedings—including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial—particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. Nevertheless, all attorneys appearing before the Court must have authority to bind the parties they represent consistent with the proceedings (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

**Hon. Alison J. Nathan, U.S.C.J., Sitting by Designation (S.D.N.Y.), Individual Practices in Civil Cases** (https://perma.cc/9PWZ-XK94)

¶8:    **Encouraged Participation of Junior Members of Legal Teams** Junior members of legal teams representing clients are invited to argue motions they have helped prepare and to question witnesses with whom they have worked. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

**Hon. J. Paul Oetken, U.S.D.J. (S.D.N.Y.), Individual Rules and Practices in Civil Cases** (https://perma.cc/C3FU-84R8)

¶6:    **Encouraged Participation of Junior Members of Legal Teams** Junior members of legal teams representing clients are invited to argue motions they have helped prepare and to question witnesses with whom they have worked. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

**Hon. Loretta A. Preska, U.S.D.J. (S.D.N.Y.), Individual Practices**
(https://perma.cc/8HFL-6GKZ)

¶2.E:    **Court Appearances** The Court encourages senior lawyers to allow junior lawyers the opportunity to argue in court, whether at a conference, hearing, trial, or otherwise. Indeed, the Court prefers that the lawyer most familiar with an issue argue it in court, regardless of seniority. The Court may permit more than one lawyer to argue for a party where doing so would create the opportunity for a junior lawyer to argue. Counsel may inform the Court in advance in the letter requesting oral argument that a junior lawyer is scheduled to argue all or part of a matter.

**Hon. Edgardo Ramos, U.S.D.J. (S.D.N.Y.), Individual Practices**
(https://perma.cc/QXR2-89K3)

¶9:    **Encouraged Participation of Junior Members of Legal Teams.** Due to the decline of trials, opportunities to train junior lawyers in courtroom skills have become increasingly rare. Accordingly, where junior lawyers are familiar with the matter under consideration, but are not experienced in arguing before a court, they should be encouraged to actively participate. In such circumstances, where it creates an opportunity for a junior lawyer to argue, this Court is amenable to permitting more than one lawyer to argue for one party.

**Hon. Jennifer H. Rearden, U.S.D.J. (S.D.N.Y.), Individual Rules and Practices in Civil Cases** (https://perma.cc/SF7P-QPAD)

¶3.D:    **Participation by Junior Attorneys.** To assist in training the next generation of attorneys, the Court strongly encourages relatively inexperienced attorneys—in particular, attorneys with less than five years' experience—to participate in all courtroom proceedings. Further, the Court is amenable to having multiple attorneys speak on behalf of a single party if doing so creates an opportunity for a lawyer who is relatively inexperienced. All attorneys appearing before the Court should be prepared to address any matters likely to arise at the proceeding and must have the authority to bind their clients with respect to the matters reasonably anticipated to be addressed (for example, by agreeing to a discovery or briefing schedule).

**Hon. Jennifer L. Rochon, U.S.D.J. (S.D.N.Y.), Individual Rules of Practice in Civil Cases** (https://perma.cc/Z52T-W8XF)

¶2.C:    **Participation by Junior Attorneys.** The Court encourages the participation of less experienced attorneys in all proceedings –

including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial – particularly where the attorneys played a substantial role in drafting the underlying filing or in preparing the relevant witness. The Court is amenable to permitting more than one attorney to argue for one party if this creates an opportunity for a junior attorney to participate. All attorneys appearing before the Court must have authority to bind the party that they represent consistent with the proceedings (for example, by agreeing to a discovery resolution or briefing schedule).

### Hon. Nelson S. Román, U.S.D.J. (S.D.N.Y.), Individual Practices in Civil Cases (https://perma.cc/V3UP-D68P)

¶2.B:    **Attendance by Principal Trial Counsel.** The attorney who will serve as principal trial counsel shall appear at all conferences with the Court. However, the Court encourages junior attorneys who have worked on the case to take an active role during conferences. Any attorney appearing before the Court shall enter a Notice of Appearance with the Clerk of Court.

¶3.E:    **Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date. In keeping with the Court's commitment to providing courtroom opportunities to less experienced attorneys, the Court will make a greater effort to grant argument where a junior attorney will argue the motion.

¶5.F:    **Trial Counsel.** In accordance with its policy of promoting the professional development of relatively new litigators, the Court welcomes the active participation of junior attorneys who have assisted in the preparation of the case during trial.

### Hon. Lorna G. Schofield, U.S.D.J. (S.D.N.Y.), Individual Rules and Procedures for Civil Cases (https://perma.cc/NGG9-SN75)

¶III.B.6:    <u>Oral Argument</u>
The parties may request oral argument by filing on ECF a letter to Chambers no later than the date the last brief is filed in connection with the motion. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date. The Court ordinarily does not hear oral argument. A request for oral argument is more likely to be granted if counsel identifies one or two lawyers out of law school for five years or less who will argue the entirety of the

motion and references this rule in the request. Counsel shall assume that the Court is familiar with the motion papers.

### Hon. Cathy Seibel, U.S.D.J. (S.D.N.Y.), Individual Rules of Practice
(https://perma.cc/2GUL-DNVP)

¶4:    **Argument**
The Court encourages senior lawyers to allow junior lawyers the opportunity to argue in court, whether at a conference, hearing, trial or otherwise. Indeed, the Court prefers that the lawyer most familiar with an issue argue it in court, regardless of seniority. The Court may permit more than one lawyer to argue for one party where doing so would create the opportunity for a junior lawyer to argue.

### Hon. Arun Subramanian, U.S.D.J. (S.D.N.Y.), Individual Practices in Civil Cases (https://perma.cc/S3XQ-R3K6)

¶7.A:    **Participation by Junior Attorneys**
The Court encourages the participation of less-experienced attorneys in all proceedings—including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial—particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. The Court may be inclined to grant a request for oral argument, or a request for more than one attorney to speak on behalf of a party in a conference, where doing so would afford the opportunity for a junior attorney to gain experience.

¶8.E:    **Oral Argument on Motions.** A party may request oral argument by indicating "ORAL ARGUMENT REQUESTED" on the cover page of its memorandum of law. A party should advise the Court by letter if oral argument would be handled by a less-experienced attorney because, as discussed in Paragraph 7 above, that may make the Court more inclined to hold oral argument. If oral argument is requested, the Court will determine whether argument will be heard and, if so, advise counsel of the argument date.

### Hon. Richard J. Sullivan, U.S.C.J., Sitting by Designation (S.D.N.Y.), Individual Rules and Practices (https://perma.cc/TJ4V-FCTW)

¶2.F:    **Oral Argument on Motions.** Oral argument will be held at the Court's discretion. The notice of motion shall state that oral argument will be "on a date and at a time designated by the Court." The Court will contact the parties to set the specific date and time for oral argument, if any. Where junior lawyers are familiar with the matter

under consideration, but are not experienced in arguing before a court, they should be encouraged to actively participate. The Court is amenable to permitting more than one lawyer to argue for a party, especially where it creates an opportunity for a junior lawyer to argue.

**Hon. Laura Taylor Swain, U.S.D.J. (S.D.N.Y.), Individual Practices** (https://perma.cc/ME2W-H6KT)

¶A.7:    **Participation by Junior Attorneys.** The Court encourages the participation of less experienced attorneys in all proceedings— including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial—particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. Nevertheless, all attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceedings (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding. The Court looks forward to seeing a diverse range of advocates before it.

**Hon. Analisa Torres, U.S.D.J. (S.D.N.Y.), Individual Practices in Civil Cases** (https://perma.cc/L276-GAUR)

¶III.K:    **Participation of Junior Attorneys.** Given the decline in cases going to trial, opportunities for courtroom advocacy are increasingly rare. To assist in the training of the next generation of attorneys, the Court strongly encourages relatively inexperienced attorneys—in particular women and underrepresented minorities—to participate in all courtroom proceedings. Further, the Court is amenable to having multiple attorneys speak for one party if it creates an opportunity for a lawyer who is relatively inexperienced or from an underrepresented group. However, all attorneys appearing should have the degree of authority consistent with the proceeding. For example, an attorney attending a pre-motion conference should have the authority to commit his or her party to a motion schedule, and should be prepared to address other matters likely to arise, including the party's willingness to participate in a settlement conference with the assigned Magistrate Judge.

**Hon. Mary Kay Vyskocil, U.S.D.J. (S.D.N.Y.), Individual Rules of Practice in Civil Cases** (https://perma.cc/KE9B-NGR8)

¶3.B:    **Participation by Junior Attorneys:** The Court encourages the participation of less experienced attorneys in all proceedings —

including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial — particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. The Court is amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate. Nevertheless, all attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceedings (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

**Hon. Kimba M. Wood, U.S.D.J. (S.D.N.Y.), Individual Rules & Practices** (https://perma.cc/384P-X86W)

¶2.A:    **Attendance by Principal Trial Counsel and Junior Lawyers**
The attorney who will serve as principal trial counsel must appear at all conferences with the Court. Opportunities to train junior lawyers in courtroom skills have become increasingly rare. Accordingly, where junior lawyers are familiar with the matter under consideration, but are not experienced in arguing before a court, they should be encouraged to actively participate. In such circumstances, where it creates an opportunity for a junior lawyer to argue, this Court is amenable to permitting more than one lawyer to argue for one party.

**Hon. Gregory H. Woods, U.S.D.J. (S.D.N.Y.), Individual Rules of Practice in Civil Cases** (https://perma.cc/U4GR-8FJ6)

¶6:    **Opportunities for Junior Attorneys**
The Court believes it is crucial to provide substantive speaking opportunities to junior lawyers, and that the benefits of doing so will accrue to all members of the profession and their clients.
To that end, the Court strongly encourages litigants to permit more junior members of the litigation team to be active participants in court proceedings, including but not limited to premotion conferences, pre-trial conferences, oral argument of motions (including discovery and dispositive motions), evidentiary hearings, and examination of witnesses at trial, in an effort to provide junior attorneys with opportunities to gain meaningful experience in the litigation process.
The Court will permit multiple attorneys to argue different issues for each party. In addition, under circumstances where the more junior attorney is permitted to present the argument to the Court, the Court

will entertain reasonable requests for the more senior attorney to supplement any argument that is made.

The Court recognizes that the ultimate decision of who conducts each proceeding is with the lawyer in charge of each case, and ultimately the represented party, and not the Court. However, the Court hopes that all lawyers practicing before it will endeavor to provide the next generation of attorneys with meaningful opportunities to participate in the litigation process.

**Hon. Stewart D. Aaron, U.S.M.J. (S.D.N.Y.), Individual Practices** (https://perma.cc/968B-LBYH)

¶II.C:    **Discovery Conferences/Oral Argument On Letter-Motions.** It is the Court's practice to hold a conference with the parties, where appropriate, to address any discovery disputes raised by Letter-Motion. The Court will decide the discovery dispute after the conference, based on the parties' letters and matters discussed during the conference, unless a party shows – by separate application – good cause why more formal briefing is required.

Junior members of legal teams representing clients are invited to argue Letter- Motions they have helped prepare. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. The Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

¶III.D:    **Oral Argument On Motions.** Parties may request oral argument by letter. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date and time.

As with Letter-Motions, junior members of legal teams representing clients are invited to argue motions they have helped prepare. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. The Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

**Hon. Sarah L. Cave, U.S.M.J. (S.D.N.Y.), Individual Practices in Civil Cases** (https://perma.cc/42KB-VYET)

¶II.5:    **Discovery Conferences/Oral Argument on Letter-Motions.** The Court's preference is to hold a conference with the parties to address

discovery disputes raised by a Letter-Motion. Based on the parties' letters and matters discussed during or after the conference, the Court will decide the discovery dispute or request a more formal briefing.

Junior attorneys are invited to argue Letter-Motions they have helped prepare. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. The Court is amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

¶III.D:    **Oral Argument on Motions.** Parties may request oral argument by Letter-Motion. Counsel should select the "Letter-Motion" option on ECF for filing such a request. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date and time.

Junior attorneys are invited to argue motions they have helped prepare. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. The Court is amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

## Hon. Valerie Figueredo, U.S.M.J. (S.D.N.Y.), Individual Practices in Civil Cases (https://perma.cc/SE3Q-FQ88)

¶III.d:    **Oral Argument on Motions.** Parties may request oral argument by Letter-Motion. Counsel should select the "Letter-Motion" option on ECF for filing such a request. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date and time.

Junior attorneys are invited to argue motions they have helped prepare. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. The Court is amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate.

## Hon. Gabriel W. Gorenstein, U.S.M.J. (S.D.N.Y.), Individual Practices (https://perma.cc/RGT3-W8S9)

¶2.F:    **Oral Argument on Motions.** Judge Gorenstein normally does not hear oral argument on motions. A party may request oral argument by

letter. If the Court determines that argument will be heard, it will so advise the parties. (A request for oral argument is more likely to be granted if a party identifies a lawyer to argue the motion who has been admitted within the previous five years and references this paragraph in the letter request.)

## Hon. Barbara Moses, U.S.M.J. (S.D.N.Y.), Individual Practices
(https://perma.cc/ET2B-675X)

¶6.c:     **Junior Lawyers.** Normally, the Court applies the "one lawyer per party" rule for conferences, hearings, and motion arguments. However, the Court is willing to vary that rule in order to create opportunities for less experienced lawyers to argue or otherwise participate in courtroom proceedings as to matters they have helped prepare, and firms are encouraged to provide such opportunities for the junior members of their teams. Lead counsel should advise the Court at the outset of a proceeding of any request to permit a second lawyer to handle a portion of that proceeding.

## Hon. Katherine H. Parker, U.S.M.J. (S.D.N.Y.), Individual Practices in Civil Cases (https://perma.cc/WG5N-HFNP)

¶II.b:     **Case Management Conferences.** The Court holds regular case management conferences. Counsel are expected to be prepared for such conferences and ready to discuss the status of discovery, the potential for settlement, and any other issue. In some cases, the Court may require a joint pre-conference agenda letter. **Joint pre-conference agenda letters shall be limited to 6 pages and filed a week in advance of a conference unless otherwise specified or permitted by the Court.**
        Junior members of legal teams representing clients are invited to address the Court at case management conferences. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This Court is amenable to permitting different lawyers on a team to speak on different issues if this creates an opportunity for a junior lawyer to participate.

¶III.e:     **Oral Argument on Motions.** Parties may request oral argument when the motion has been fully briefed. This request should be made by letter in accordance with the procedures set forth in Section I.
        Junior members of legal teams representing clients are invited to argue motions they have helped prepare and to question witnesses with whom they have worked. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This court is

amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

**Hon. Henry J. Ricardo, U.S.M.J. (S.D.N.Y.), Individual Rules and Practices for Civil Cases** (https://perma.cc/2HSW-HKST)

¶II.*I*:      **Participation by Junior Attorneys.**

Junior members of legal teams representing clients are invited to argue motions that they have helped to prepare. Firms are encouraged to provide this opportunity to junior lawyers. While the Court generally prefers having only one attorney for each side participate at argument, the Court is amenable to permitting more than one lawyer argue different issues if this division of responsibility creates an opportunity for a junior lawyer to participate. Of course, the ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case and the client, not for the Court. That said, the Court believes it is crucial to provide substantive speaking opportunities to less experienced lawyers, and that the benefits of doing so will accrue to all members of the profession and their clients. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind. It is the way one generation will teach the next to litigate cases and to maintain our District's reputation for excellence.

**Hon. Robyn F. Tarnofsky, U.S.M.J. (S.D.N.Y.), Individual Practices in Civil Cases** (https://perma.cc/EL3M-S2XV)

¶II.B:      **Case Management Conferences.** The Court holds regular case management conferences. Counsel are expected to be prepared for such conferences and ready to discuss the status of discovery, the potential for settlement, and any other relevant issue. <u>In some cases, the Court may require a joint pre-conference agenda letter filed a week in advance of a conference unless otherwise specified or permitted by the Court.</u>

Junior members of legal teams representing clients are invited to address the Court at case management conferences. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This Court is amenable to permitting different lawyers on a team to speak on different issues if this creates an opportunity for a junior lawyer to participate.

¶III.F:     **Oral Argument on Motions.** Parties may request oral argument when the motion has been fully briefed. This request should be made by

letter in accordance with the procedures set forth in Section I(A) above.

For training purposes, firms are encouraged to permit junior members of legal teams representing clients to argue motions they have helped prepare. This Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate.

## Hon. Ona T. Wang, U.S.M.J. (S.D.N.Y.), Individual Practices in Civil Cases
(https://perma.cc/599C-Z5Z7)

¶III.e:     **Oral Argument on Motions.** Parties may request oral argument when the motion has been fully briefed. This request should be made by letter in accordance with the procedures set forth in Section I.

Junior members of legal teams representing clients are invited to argue motions they have helped prepare and to question witnesses with whom they have worked. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the court.

¶V.e:      **Attendance.** The parties—not just the attorneys—must attend the Settlement Conference in person. In the event personal attendance is a hardship, a party may make a written request no later than one week in advance of the conference to attend by phone. Each party must supply its own interpreter, if required. Corporate parties or labor unions must send the person with decision-making authority to settle the matter to the conference. Where liability insurance is involved, a decisionmaking representative of each carrier must attend unless specifically excused by the Court. Where any government agency is a party, counsel of record must be accompanied by a knowledgeable representative from the agency. In addition, in cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone to approve any proposed settlement.

Junior members of legal teams are also invited to participate and speak in settlement conferences, but must be properly supervised and prepared. Sending a junior lawyer, alone, without sufficiently briefing

the junior lawyer on the case and its history may be considered by the Court to be a failure to properly supervise the junior lawyer.

**Hon. Jennifer E. Willis, U.S.M.J. (S.D.N.Y.), Individual Practices in Civil Cases** (https://perma.cc/89TB-GRAE)

¶II.C:    **Oral Argument on Motions.** Parties may request oral argument by noting such request on their moving papers or filing a letter requesting the same. Junior members of legal teams representing clients are invited to argue motions they have helped prepare and to question witnesses with whom they have worked. Firms are encouraged to provide this opportunity to junior attorneys for training purposes; a request for oral argument is more likely to be granted if a party identifies a lawyer to argue the motion who has graduated law school within the previous five years.

¶III.B:    **Case Management Conferences.** The Court shall hold regular case management conferences. Counsel are expected to be prepared for such conferences and ready to discuss the status of discovery, the potential for settlement, and any other issues. Junior members of legal teams are invited to address the Court at case management conferences. Firms are encouraged to provide this opportunity to junior attorneys for training purposes.

**Hon. Joan M. Azrack, U.S.D.J. (E.D.N.Y.), Individual Rules** (https://perma.cc/CX8S-EYCR)

¶IV.B:    **Pre-Motion Conference:** … In some cases, it will be apparent from the letter requesting a pre-motion conference that such a conference will not be a useful expenditure of the parties' time, and a motion schedule will be set without a pre-motion conference. However, if a party advises the Court in its pre-motion argument request that an attorney with seven years or less of experience as a licensed attorney will be representing the party at the conference, the Court may schedule a pre-motion conference.

¶VIII:    **Junior Lawyers**
Junior members of legal teams representing clients are invited to address the Court during conferences, argue motions they have helped prepare, and to question witnesses with whom they have worked. Opportunities to train young attorneys in oral advocacy are rare because of the decline of trials. Where junior lawyers are familiar with the matter under consideration, but have little experience arguing before a court, they should be encouraged to speak in court when possible. This court is amenable to permitting a number of lawyers to

argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is, of course, for the lawyer in charge of the case, not for the Court.

**Hon. Sanket J. Bulsara, U.S.D.J. (E.D.N.Y.), Individual Practices for Civil and Criminal Cases** (https://perma.cc/K68G-9R3D)

¶IV.D:    **Courtroom Opportunities for Relatively Inexperienced Attorneys.** The participation of relatively inexperienced attorneys in all court proceedings is strongly encouraged. The Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate.

**Hon. Pamela K. Chen, U.S.D.J. (E.D.N.Y.), Individual Practices and Rules** (https://perma.cc/SCP6-3QV3)

¶3.A:    *Pre-Motion Conference Requests*

In many cases, it will be apparent from the letter motion that a conference will not be a useful expenditure of the parties' time, and a motion schedule will be set without a pre-motion conference. In other cases, the usefulness of a pre-motion conference will be clear based on the request. **However, if a party advises the Court in its premotion argument request that an attorney with five years or less of experience as a licensed attorney will be representing the party at the conference, the Court will schedule a pre-motion conference.**

**Hon. Nusrat J. Choudhury, U.S.D.J. (E.D.N.Y.), Individual Rules for Civil and Criminal Cases** (https://perma.cc/JC7R-KZ53)

¶4.2:    **Participation of lawyers**

4.2.1. The Court encourages the participation in court proceedings by lawyers from diverse backgrounds, including those historically underrepresented in the federal bar and less experienced attorneys, particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness.

4.2.2. For the purposes of this rule, the Court considers a "less experienced attorney" to be a lawyer with six (6) or less years of experience, exclusive of any time after bar admission that the attorney has been employed as a judicial clerk, has been on family or medical leave, or was otherwise not actively engaged in the practice of law.

4.2.3. To facilitate participation of attorneys from communities historically underrepresented in the federal bar and/or less

experienced attorneys, the Court may permit multiple attorneys to argue different issues for each party.

4.2.4. Counsel are encouraged, but not required, to alert the Court when a less experienced attorney is participating in trial or pre-trial appearances.

¶5.1:    **Pre-motion conferences**

…

5.1.7. In many cases, it will be apparent to the Court from the letter motion that a conference will not be useful, and the Court will set a briefing schedule without a premotion conference. In other cases, the usefulness of a pre-motion conference will be clear based on the request. However, if a party advises the Court in its pre-motion letter request that an attorney with six (6) years or less of experience as a licensed attorney will be representing the party at the conference, the Court will likely schedule a pre-motion conference.

¶5.7:    **Oral argument on motions**

A party may request oral argument on a motion by writing "Oral Argument Requested" on the Notice of Motion or the first page of its opposing memorandum. The Court will determine whether argument is necessary and, if so, will advise counsel of the argument date.

The Court may be inclined to grant a request for oral argument and/or to permit more than one lawyer representing a party to argue when doing so would afford the opportunity for a lawyer described in Individual Rule 4.2 to gain courtroom experience. In those instances where the Court is inclined to rule on the submissions, a representation that the argument would be made by an attorney described in Individual Rule 4.2 will weigh in favor of hearing oral argument.

**Hon. Ann Donnelly, U.S.D.J. (E.D.N.Y.), Individual Rules and Practices** (https://perma.cc/3X6E-7V3A)

¶3:    *Courtroom Opportunities for Relatively Inexperienced Attorneys*

The participation of relatively inexperienced attorneys in all court proceedings—including but not limited to pre-motion conferences, pre-trial conference, hearings on discovery motions and dispositive motions, and examination of witnesses at trial—is strongly encouraged.

All attorneys appearing should have the degree of authority consistent with the proceeding. For example, attorneys participating in a pre-motion conference should have the authority to their clients to a motion schedule and should be prepared to address other matters

likely to arise, including the party's willingness to participate in a settlement conference with the assigned Magistrate Judge.

Relatively inexperienced attorneys who seek to participate in evidentiary hearings of substantial complexity (e.g., examining witnesses at trial) should be accompanied and supervised by more experienced attorneys.

¶4.e:     *Oral Argument on Motions*

Parties may request oral argument by separate letter entitled "Request for Oral Argument," at the time they file their moving or opposing or reply papers. Parties should file this request as a **motion** via ECF. The Court will determine whether argument is necessary and, if so, will advise counsel of the argument date.

In those instances where the Court is inclined to rule on the submissions, a representation that the argument would be made by a less experienced lawyer will weigh in favor of holding a hearing.

## Hon. Nicholas G. Garaufis, U.S.D.J. (E.D.N.Y.), Individual Rules
(https://perma.cc/2WP3-X5TD)

¶III.A:     *Participation of Junior Lawyers*

The court believes it is important to provide substantive opportunities to junior lawyers, and that the benefits of doing so will accrue to all members of the profession and their clients. To that end, the court strongly encourages litigants to permit junior lawyers to be active participants in court proceedings, including but not limited to pre-motion conferences, pre-trial conferences, oral argument of motions, evidentiary hearings, and examination of witnesses at trial. To facilitate these experiences, the court will permit multiple attorneys to argue different issues for each party.

The court recognizes that the decision of who conducts each proceeding is with the lawyer in charge of each case, and ultimately the represented party. In any appearance, all attorneys must have authority to bind the party they represent consistent with the proceeding and should be prepared to address any matters likely to arise. The counsel of record must still also appear alongside any participating junior lawyer, unless counsel has separately sought and received permission not to appear.

## Hon. Hector Gonzalez, U.S.D.J. (E.D.N.Y.), Individual Practices
(https://perma.cc/2SHF-Z979)

¶II.B:     ***Participation of Lawyers.*** Notwithstanding Section II.A, above, the Court nevertheless encourages the participation in court proceedings

by women and diverse lawyers, who historically have been underrepresented in the federal bar, as well as younger lawyers, particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. The Court may be inclined to grant a request for oral argument, which it generally disfavors, or to permit more than one lawyer representing a party to argue, where doing so would afford the opportunity for a lawyer described herein to gain courtroom experience.

**Hon. Eric Komitee, U.S.D.J. (E.D.N.Y.), Individual Rules and Practices in Civil Cases** (https://perma.cc/5C2J-F77B)

    ¶III.B.7:  **Pre-Motion Conferences**

        …

        In many cases, it will be apparent from the letter motion that a conference will not be needed, and a motion schedule will be set without a pre-motion conference. In other cases, the usefulness of a pre-motion conference will be clear based on the request. However, if a party advises the Court in its pre-motion conference request that an attorney with five years' or less experience as a licensed attorney will be representing the party at the conference, the Court may schedule a pre-motion conference anyway.

    ¶III.E.2:  **Oral Argument**

        …

        The likelihood of oral argument will increase if the Court is advised by letter that the attorney who will argue the motion or opposition has five years' or less experience as a licensed attorney.

**Hon. Rachel P. Kovner, U.S.D.J. (E.D.N.Y.), Individual Practice Rules** (https://perma.cc/FC2U-ANBE)

    ¶IV.F:  **Oral Argument on Motions**

        The Court will determine whether to hear oral argument. Parties may request oral argument by noting "Oral Argument Requested" below the docket number on the moving or opposing papers. The likelihood of oral argument is increased if a party notifies the Court that the attorney who will argue the motion or opposition has less than five years of experience as a licensed attorney. A party may note that fact below its oral-argument request.

**Hon. Kiyo A. Matsumoto, U.S.D.J. (E.D.N.Y.), Chambers Practices**
(https://perma.cc/AXA9-VVJW)

¶III.E:  **Oral Argument:** A party seeking oral argument on a motion shall file a separate letter, titled "Request for Oral Argument," at the time the fully briefed motion is filed on ECF. The Court will determine whether oral argument will be heard and, if so, will advise counsel of the argument date. Once scheduled, oral argument may be adjourned with the consent of all parties, provided that the Court is notified in writing no later than one week prior to the scheduled argument. The Court strongly encourages lead counsel to permit lawyers with six or fewer years of experience to examine witnesses at trial and to present argument to the Court. If a lawyer with six or fewer years of experience will be arguing a motion, the Court will consider permitting more experienced counsel of record the ability to provide assistance, where appropriate, during oral argument. All attorneys will be held to the highest professional standards. All attorneys appearing in court are expected to be adequately prepared and thoroughly familiar with the factual record and the applicable law, and to have a degree of authority to speak on behalf of a client commensurate with the proceedings.

**Hon. Natasha C. Merle, U.S.D.J. (E.D.N.Y.), Individual Practice Rules**
(https://perma.cc/B2ZD-2NR8)

¶II.D:  **Participation of Attorneys in Oral Argument**
The Court encourages the participation of less experienced attorneys (*i.e.*, those with six (6) or fewer years of experience) and attorneys from backgrounds that historically have been underrepresented in the federal bar. To facilitate this provision, the Court is amenable to permitting more than one attorney to argue for one party.

**Hon. Nina R. Morrison, U.S.D.J. (E.D.N.Y.), Individual Practice Rules**
(https://perma.cc/8UMA-EKJ3)

¶4.2:  **Participation of lawyers**
The Court encourages the participation in court proceedings by lawyers from diverse backgrounds, including those who historically have been underrepresented in the federal bar, as well as less experienced attorneys, particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness.

4.2.1. For the purposes of this rule, the Court considers a "less experienced attorney" to be a lawyer with six or less years of experience, exclusive of any time after bar admission that the attorney

has been employed as a judicial clerk, has been on family or medical leave, or was otherwise not actively engaged in the practice of law.

4.2.2. To facilitate participation of attorneys who historically have been underrepresented in the federal bar and/or less experienced attorneys, the Court may permit multiple attorneys to argue different issues for each party.

4.2.3. Counsel are encouraged, but not required, to alert the Court when a less experienced attorney is participating in trial or pretrial appearances.

¶5.7:     **Oral argument on motions**

A party may request oral argument on a motion by writing "Oral Argument Requested" on the first page of its brief. The Court may be inclined to grant a request for oral argument and/or to permit more than one lawyer representing a party to argue when doing so would afford the opportunity for a less experienced attorney described in Rule 4.2 to gain courtroom experience. Counsel are encouraged, but not required, to alert the Court in their requests for oral argument or in a letter filed with the court that a less experienced attorney will be presenting argument.

**Hon. Ramon E. Reyes, Jr., U.S.D.J. (E.D.N.Y.), Individual Practice Rules** (https://perma.cc/7BFY-GW59)

¶IV.F:     **Oral Argument on Motions**

The Court will determine whether to hear oral argument. Parties may request oral argument by noting "Oral Argument Requested" below the docket number on the moving or opposing papers. The likelihood of oral argument is increased if a party notifies the Court that the attorney who will argue the motion or opposition has less than five years of experience as a licensed attorney. A party may note that fact below its oral-argument request.

**Hon. James R. Cho, U.S.M.J. (E.D.N.Y.), Individual Practices** (https://perma.cc/L7Y4-PKXN)

p.1:     The United States District Court for the Eastern District of New York is a teaching court, and the Court encourages opportunities for law students and junior attorneys to appear and argue in Court accompanied and supervised by a more experienced attorney. Requests for leave for law students to argue in Court will be freely granted, and the Court will permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

**Hon. Lee G. Dunst, U.S.M.J. (E.D.N.Y.), Individual Practice Rules**
(https://perma.cc/FFE2-UBVT)

¶I.D: **Opportunities For Less Experienced/Junior Attorneys And Law Students**

Judge Dunst strongly encourages litigants to permit more junior and less experienced members of the litigation team to appear for oral argument before the Court and to examine witnesses at trial and hearings. Indeed, in those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a more junior lawyer may weigh in favor of holding oral argument. In addition, under circumstances where the more junior attorney is permitted to present the argument, the Court will entertain reasonable requests for the more senior attorney to supplement any argument that is made. Additionally, requests for leave for law students to appear and argue in court (when accompanied by an attorney of record) will be freely granted if this creates an opportunity for junior attorneys to participate.

**Hon. Marcia M. Henry, U.S.M.J. (E.D.N.Y.), Individual Practice Rules**
(https://perma.cc/7DGP-QMGY)

¶II.D.1: **Courtroom Opportunities for Relatively Inexperienced Attorneys**

a. The Court strongly encourages participation of relatively inexperienced attorneys in all court proceedings, including but not limited to initial conferences, status conferences, settlement conferences, and hearings on discovery motions and dispositive motions.

b. All attorneys appearing should have the degree of authority consistent with the proceeding. For example, an attorney attending an initial conference should have the authority to commit his or her party to a discovery schedule and should be prepared to address other matters likely to arise, including the party's willingness to participate in a mediation or settlement conference.

c. Relatively inexperienced attorneys who seek to participate in hearings of substantial complexity (e.g., oral argument for a dispositive motion) should be accompanied and supervised by a more experienced attorney.

**Hon. Peggy Kuo, U.S.M.J. (E.D.N.Y.), Individual Practice Rules**
(https://perma.cc/FAT5-KJW8)

¶VIII:   <u>**Courtroom Opportunities for Relatively Inexperienced Attorneys**</u>

A. The participation of relatively inexperienced attorneys in all Court proceedings, including, but not limited to, initial conferences, status conferences, settlement conferences, and hearings on discovery and dispositive motions, is strongly encouraged.

B. All attorneys appearing should have the degree of authority consistent with the proceeding. For example, an attorney attending an initial conference on behalf of a party must have the authority to commit that party to a discovery schedule and should be prepared to address other matters likely to arise, including the party's willingness to participate in mediation or a settlement conference.

C. Relatively inexperienced attorneys who seek to participate in hearings of substantial complexity (e.g., oral argument for a dispositive motion), should be accompanied and supervised by a more experienced attorney, but the less experienced attorney should be given a full opportunity to present the arguments and answer the Court's questions.

**Hon. Joseph A. Marutollo, U.S.M.J. (E.D.N.Y.), Individual Practices and Rules** (https://perma.cc/SA4A-PLK5)

¶III.A:   <u>Appearances of Counsel</u>

Any attorney appearing before the Court must first enter a notice of appearance on ECF. The Court strongly encourages the participation of junior lawyers in all court proceedings. As the late United States District Judge Jack B. Weinstein once stated, it is "important for everyone, and for the litigation process, that the upcoming generation understands the fundamentals and just gets up on their feet." Where junior lawyers are familiar with the matter under consideration, but are not experienced in arguing before a court, they should be encouraged to actively participate. The Court is amenable to permitting more than one lawyer to argue for a party, especially where it creates an opportunity for a junior lawyer to argue.

The Court recognizes that the decision of who conducts each proceeding is with the lawyer in charge of each case, and ultimately the represented party. In any appearance, all attorneys must have authority to bind the party that they represent consistent with the proceeding and should be prepared to address any matters likely to arise. The counsel of record must still also appear alongside any participating

junior lawyer, unless counsel has separately sought and received permission not to appear.

**Hon. Taryn A. Merkl, U.S.M.J. (E.D.N.Y.), Individual Rules & Practices**
(https://perma.cc/4JJT-Y9PC)

p.1:   The United States District Court for the Eastern District of New York is a teaching court. The Court encourages opportunities for law students and junior attorneys to appear and to argue in Court, accompanied and supervised by a more experienced attorney. Requests for leave for law students to argue in Court will be freely granted, and the Court will permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

**Hon. James M. Wicks, U.S.M.J. (E.D.N.Y.), Individual Practice Rules**
(https://perma.cc/N2GS-MB8R)

¶3.C.4:   *Oral Argument on Motions:*
Where the parties are represented by counsel, oral argument may be held on motions made on notice (as opposed to Letter Motions, see Rule 3.A), if either party requests oral argument or the Court orders oral argument. Within one week of filing fully briefed motions, the parties are to confer with each other and contact the Court to set a mutually acceptable date for oral argument. If multiple counsel appear for the same party, then counsel are permitted to "split" the argument among themselves. The Court also encourages active participation in oral arguments by junior lawyers.