```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
NISA DESAI and ANDAV CAPITAL,                               :
                                                            :
                              Plaintiffs,                   :      25-CV-33 (JMF)
                                                            :
              -v-                                           :      NOTICE OF INITIAL
                                                            :      PRETRIAL CONFERENCE
PAYPAL HOLDINGS, INC. and PAYPAL VENTURES,                  :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      This case having been transferred to the undersigned, it is hereby ORDERED that unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on **May 6, 2025** at **9:00 a.m.**  The conference will be held remotely by telephone in accordance with Paragraph 3.B of the Court's Individual Rules and Practices in Civil Cases.  The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound (#) key again.  **All counsel must also familiarize themselves with the Court's Individual Rules, which are available at https://www.nysd.uscourts.gov/hon-jesse-m-furman**.  Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

      Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference.  Additionally, in accordance with Paragraph 3.D of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the initial pretrial conference**.  The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://www.nysd.uscourts.gov/hon-jesse-m-furman.  Any open legal issues can be addressed at the conference.

      The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

    (1)    A statement indicating whether the parties believe they can do without an initial pretrial conference altogether.  If so, the Court may enter a case management plan and scheduling order and the parties need not appear.  If not, the Court will hold

       the initial conference, albeit perhaps at a different time. To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for the teleconference;

(2)       A brief statement of the nature of the action and the principal defenses thereto;

(3)       A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(4)       A statement of all existing deadlines, due dates, and/or cut-off dates;

(5)       A brief description of any outstanding motions;

(6)       A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(7)       A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(8)       A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(9)       Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

       If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

       In accordance with the Court's Individual Rules and Practices, requests for an extension

or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.

**This Order supersedes any previously entered scheduling orders, including ECF No. 9.** The orders at ECF Nos. 8 and 10 are also vacated (although the Clerk of Court can and should leave them on the docket). Moreover, in light of the transfer of the case, the Motion for Recusal of Judge Dale E. Ho, *see* ECF No. 22, is denied as moot.

The Clerk of Court is directed to terminate ECF No. 22.

SO ORDERED.

Dated: February 19, 2025
New York, New York

JESSE M. FURMAN
United States District Judge