### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDAV CAPITAL,<br>NISHA DESAI,<br><br>     *Plaintiffs,*<br><br>    v.<br><br>PAYPAL HOLDINGS, INC.,<br>PAYPAL VENTURES,<br><br>     *Defendants.* | Case No. 25-cv-33 (JMF) |

### STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiffs Andav Capital and Nisha Desai, and Defendants PayPal Holdings, Inc. and PayPal Ventures (collectively, the "Parties"), anticipate that discovery in this Action will involve the production of documents, testimony, and other information containing confidential, proprietary, commercially sensitive, private, and/or privileged material, including without limitation nonpublic business records, investment and diligence materials, fund-performance information, internal communications and analyses, trade secrets, personally identifiable information ("PII"), and other information the disclosure of which could cause competitive, commercial, privacy, or other cognizable harm. Good cause therefore exists under Federal Rule of Civil Procedure 26(c) for the entry of a protective order governing the disclosure and use of such materials in this Action.

The Parties accordingly stipulate to, and request that the Court enter, this Stipulated Protective Order Regarding Disclosure and Use of Discovery Materials (the "Order" or "Protective Order"), which shall govern the handling of Discovery Material produced by Parties and non-parties in this Action. This Order is intended to facilitate discovery, protect legitimately confidential information, and preserve applicable privileges and protections, while limiting confidentiality designations to material that qualifies for protection under the Federal Rules of Civil Procedure, applicable law, and this Court's rules and practices.

Nothing in this Order authorizes the filing under seal of any document. Any request to file material under seal or in redacted form must separately comply with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices.

## I.    DEFINITIONS

1.    "Action" means *Andav Capital et al. v. PayPal Holdings, Inc. et al.*, Case No. 25-cv-33 (S.D.N.Y.).

2.    "Challenging Party" means any Party or non-party that challenges a confidentiality designation under this Order.

3.    "Discovery Material" means all documents, electronically stored information, testimony, transcripts, tangible things, and other information, including materials produced by any non-party, regardless of the medium or manner generated, stored, or maintained, that are produced, disclosed, or generated in connection with discovery in this Action pursuant to the Federal Rules of Civil Procedure, a Court order, subpoena, civil investigative demand, or any agreement or stipulation among the Parties.

4.    "Designating Party" means any Party or non-party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order

5.    "Disclose" (and any form of that term) means to distribute, provide, describe, summarize, paraphrase, reveal, or otherwise make available for access, viewing, use, or copying any Discovery Material or the information contained therein.

6.    "Document" shall have the broadest meaning permitted by Federal Rule of Civil Procedure 34(a)(1)(A)-(B) and Local Civil Rule 26.3(c)(2).

7.      "PII" means personally identifiable information, including but not limited to Social Security numbers, taxpayer-identification numbers, dates of birth, financial-account numbers, passport numbers, driver's-license numbers, home addresses, personal telephone numbers, personal email addresses, and other information subject to protection or redaction under Federal Rule of Civil Procedure 5.2 or other applicable law.

8.      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Action.

9.      "Protected Material" means any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as provided for in this Order.

10.     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

11.     "Termination Date" means the later of: (a) the date on which this Action is finally resolved by dismissal, settlement, final judgment, or other disposition; or (b) the date on which all appeals, re-hearings, reconsideration proceedings, or remands relating to this Action have been exhausted or the time to pursue them has expired.

## II.     PURPOSES AND LIMITATIONS

1.      Unless otherwise agreed by the Parties or ordered by the Court, Protected Material shall be used by a Receiving Party solely for prosecuting, defending, or attempting to settle this Action, and for no other purpose whatsoever. Protected Material shall not be used or disclosed, directly or indirectly, for any other purpose.

2.      Protected Material may be disclosed only to the persons, and under the conditions, expressly authorized by this Order. Each Receiving Party shall store and maintain Protected Material

in a secure manner and at a location and in a form that ensures that access is reasonably limited to persons authorized under this Order.

3.     The Parties acknowledge that this Order does not confer blanket protection on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made only on a good-faith basis and only to the extent the material qualifies for protection under Federal Rule of Civil Procedure 26(c), applicable law, and this Order. If it comes to a Producing Party's attention that designated material does not qualify for protection at all—or does not qualify for the level of protection initially asserted—the Producing Party must promptly notify all other Parties in writing that it is withdrawing or modifying the designation.

4.     A Party's compliance with this Order, or failure to challenge a designation immediately, shall not operate as an admission that any particular material is or is not confidential, privileged, discoverable, relevant, or admissible. This Order is without prejudice to any Party's right to challenge any designation, object to any discovery request, or seek additional protection from the Court.

5.     The protections conferred by this Order do not extend to information that: (a) is publicly known through no violation of this Order; (b) becomes public through no violation of this Order; (c) was lawfully known to the Receiving Party, without confidentiality restriction, before disclosure by the Producing Party; (d) is lawfully obtained by the Receiving Party from a source not under an obligation of confidentiality to the Producing Party; or (e) is disclosed by the Producing Party to a third party without restriction on further disclosure.

### III.    SCOPE

1.     The protections conferred by this Order cover not only Protected Material, but also: (a) any information copied, extracted, summarized, described, characterized, paraphrased, or otherwise derived therefrom; and (b) all copies, excerpts, compilations, notes, memoranda, summaries,

4

analyses, abstracts, or other documents or materials that contain, reflect, quote from, or disclose Protected Material.

2.      This Order applies to discovery, pretrial proceedings, and post-trial proceedings in this Action, whether the material is produced by a Party or a non-party. This Order does not, by itself, govern the treatment of Protected Material at trial or in open court. Any Party may seek further relief from the Court concerning the use, treatment, or protection of Protected Material at any hearing, trial, or other public proceeding.

3.      Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose. Nothing in this Order shall preclude a Producing Party from showing its own Discovery Material to an individual who authored, prepared, received, or previously had lawful access to that material.

4.      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing in this Action, provided that the Party complies with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Southern District of New York, the Court's Individual Rules and Practices, and any other applicable rules or orders governing redaction, sealing, or public use of protected information. A Producing Party may consent in writing to the public filing or use of its Protected Material by another Party.

5.      Nothing in this Order authorizes any Party to file Protected Material under seal or in redacted form merely because it has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any request to file material under seal or in redacted form must be made separately, must be narrowly tailored, and must comply with the Court's Individual Rules and Practices and applicable law governing public access to judicial documents.

6.      Nothing herein shall be deemed a waiver of any Party's right to object to the production, use, or admissibility of any document, testimony, communication, or other Discovery Material,

including on grounds of relevance, burden, proportionality, privilege, work product, immunity, confidentiality, or any other objection available under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable law.

7.      This Order is without prejudice to the right of any Party or non-party to seek further or additional protection for any Discovery Material, to seek modification of this Order, or to seek relief from any provision of this Order, including without limitation an order that certain matter not be produced at all, that specified matter be produced only on stated conditions, or that certain material does not qualify for the protection or level of protection asserted.

8.      A Party's compliance with this Order, or failure to challenge a designation immediately, shall not operate as an admission that any particular material is or is not confidential, privileged, discoverable, relevant, or admissible.

## IV.     DURATION

1.      Even after the Termination Date, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

2.      The expiration or termination of this Action, or the termination of any person's involvement in this Action, shall not relieve any person of the obligations imposed by this Order with respect to Protected Material received during the pendency of this Action.

## V.     ACCESS TO AND USE OF PROTECTED MATERIAL

1.      **Basic Principles.** A Receiving Party may use Protected Material disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and for no other purpose whatsoever. Protected Material shall not be used, directly or indirectly, for any business, commercial, competitive, personal, investment, fundraising, regulatory, or other purpose unrelated to this Action. Protected Material may be disclosed

only to the categories of persons, and under the conditions, expressly described in this Order. Protected Material must be stored and maintained by a Receiving Party in a secure manner and at a location, and with administrative, technical, and physical safeguards, reasonably designed to ensure that access is limited to persons authorized under this Order.

2.      **Legal Advice Based on Protected Material.** Nothing in this Order shall be construed to prevent counsel for a Receiving Party from advising that Party with respect to this Action based in whole or in part upon Protected Material, provided that counsel does not disclose the Protected Material itself, its specific contents, or the fact of any particular Protected Material's existence except as permitted by this Order.

3.      **Persons with Prior Lawful Access.** Nothing in this Order shall prevent a Producing Party from using or disclosing its own Discovery Material for any purpose. Nothing in this Order shall preclude a Receiving Party from showing Protected Material to an individual who authored, prepared, received, or previously had lawful access to that material, provided that any further disclosure by the Receiving Party otherwise complies with this Order.

4.      **Limitations.** Nothing in this Order shall restrict in any way the use or disclosure by a Receiving Party of material or information that: (a) is or becomes publicly known through no violation of this Order; (b) was lawfully known to the Receiving Party, without restriction, independent of the Producing Party before disclosure in this Action; (c) is lawfully obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and was not bound by a duty of confidentiality to the Producing Party with respect to that information; (d) was produced, disclosed, or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (e) is disclosed with the written consent of the Designating Party; or (f) is disclosed pursuant to further order of the Court.

5.      **No Admission; Other Rights Preserved.** Nothing in this Section, or in this Order, shall operate as an admission that any particular material is confidential, privileged, relevant, admissible, or discoverable, nor shall it prejudice any Party's right to seek additional protection, to challenge any designation, or to object to any discovery request or disclosure.

## VI.    DESIGNATING PROTECTED MATERIAL

1.      **Available Designations**.  Any Producing Party may designate Discovery Material with one of the following designations, provided that the Producing Party has a good-faith basis for the designation under Federal Rule of Civil Procedure 26(c), applicable law, and this Order: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.      **Inadvertent Failure to Designate.** An inadvertent failure to designate qualified material does not, standing alone, waive the right to designate it later. Upon written notice of a corrected designation, the Receiving Party shall make reasonable efforts to treat the material in accordance with the corrected designation from that point forward and to retrieve and relabel any prior copies distributed inconsistently with the corrected designation.

3.      **Written Discovery and Documents and Tangible Things**.  Written discovery, documents (including electronically stored information, or "ESI," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations above may be so designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, to each page of the written material that contains Protected Material or, if the documents are being produced in their native format, to the file name or a slip sheet referencing the Protected Material, at the time that such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party notifies the Receiving Party of the confidential nature of the information or material disclosed.  For digital files being produced, the Producing Party may mark each viewable page or image that contains Protected Material

with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and/or mark the file name, slip sheet, medium, container, and/or communication in which the digital files were contained with the appropriate designation.

4. **Materials Made Available for Inspection**. A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate designation as described in Paragraph 3 of this Section.

5. **Depositions and Testimony**. Parties or testifying persons or entities, or their counsel, may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within twenty-one (21) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the 21-day period for designating the final transcripts as described above has passed, unless the Parties agree in writing or on the record or the Court orders otherwise. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order,

substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties or order of the Court." Counsel for any Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, counsel for the Parties, the stenographer and/or videographer (if any), who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall apply only to the specific periods of examination or testimony that pertain or relate to such Protected Material.

6.      **Discovery Material Designated as "CONFIDENTIAL."** A Producing Party may designate Discovery Material as "CONFIDENTIAL" only if it contains or reflects information that the Producing Party reasonably and in good faith believes qualifies for protection under Federal Rule of Civil Procedure 26(c). Examples of such information include material that a Party reasonably and in good faith believes to contain or to disclose information that the Party, in the ordinary course of business, does not or would not publicly disclose, or information that a Party is under a preexisting obligation to maintain as confidential. A designation shall not be made merely because the material is produced in discovery.

7.      Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose material designated "CONFIDENTIAL" only to the following persons:

(a)      the Parties to this Action, their insurers, and counsel to their insurers;

(b)     The Receiving Party's outside counsel of record in this Action, as well as partners, associates, and other employees of any such counsel's law firm (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(c)     Any outside expert or consultant retained by the Receiving Party to assist in this Action (including such of the expert's or consultant's assistants or support staff as are reasonably necessary to facilitate the expert's or consultant's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work; and (B) such expert or consultant (and any reasonably necessary assistants or support staff) has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A).  Any "Agreement to Be Bound by Protective Order" signed by a Party's outside expert or consultant does not need to be disclosed or circulated to other Parties until the Termination Date or as required pursuant to the Federal Rules of Civil Procedure;

(d)     as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(e)     any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this Action, provided such person has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     The Court, jury, and court personnel, pursuant to this protective order and any applicable rules regarding the filing and/or use of materials designated for protection;

11

(g)    Court reporters, stenographers and videographers retained to record testimony taken in this Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)    Any other person with the prior written consent of the Producing Party or by order of the Court.

## VII.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1.    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains information that is trade secret and/or commercially sensitive such that the Producing Party reasonably and in good faith determines that disclosure of the information to the Receiving Party is likely to cause harm to its competitive position or the competitive position of a non-party who authored or produced the information.  Examples of such information or material include trade secrets and other proprietary information; confidential business information and practices; personal information which, if disclosed to one of the parties in the context of this Action, could reasonably be expected to result in severe financial or emotional harm; and material that a Party is under a pre-existing obligation to a non-party to treat as personal or confidential. While the parties agree that a Producing Party may designate the foregoing categories of information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," they do not waive any rights to challenge the designations of these categories, as necessary.

2.    All Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be produced in a manner reasonably calculated to preserve its confidentiality. To the extent such material is produced electronically, it shall be transmitted or made available through

encrypted media, encrypted transfer, or a secure document-hosting platform with access controls reasonably designed to limit access to persons authorized under this Order, such as, but not limited to, ShareFile. Any electronic copies maintained by a Receiving Party or its counsel shall be maintained in an access-controlled environment.

3.      Printed copies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" maintained by the Receiving Party must be kept in a secure location, such as a locked storage container, file cabinet, or room, when not in use.

4.      Except as expressly provided in this Order, absent express written permission from the Producing Party, the Receiving Party shall minimize the creation of copies, duplicates, or images (whether electronic or in hard copy) of Discovery Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Wherever practicable, such materials shall be referenced in correspondence, pleadings, or Court filings by production Bates number rather than reproduced. Any copies, duplicates, or images reasonably necessary for this Action must themselves be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.      Unless otherwise ordered by the Court or expressly permitted in writing by the Producing Party, a Receiving Party may disclose material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following persons:

(a)      The Receiving Party's outside counsel of record in this Action, as well as partners, associates, and other employees of any such counsel (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(b)      The Receiving Party's in-house counsel, including without limitation paralegals and support staff in the Receiving Party's legal department, provided that they agree not to disclose the information to any other employees of the Receiving Party who are not members

of the legal department and that they have agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(d)     Any outside expert or consultant retained by the Receiving Party to assist in this Action (including such of the expert's or consultant's assistants or support staff as are reasonably necessary to facilitate the expert's or consultant's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work; (B) such expert or consultant (and any reasonably necessary assistants or support staff) has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A); and (C) disclosure complies with the procedure set forth below for disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to outside experts and consultants.  Any "Agreement to Be  Bound by Protective Order" signed by a Party's outside expert or consultant does not need to be disclosed or circulated to other Parties until the Termination Date or as required pursuant to the Federal Rules of Civil Procedure;

(e)     The Court, jury, and court personnel, subject to this protective order and any applicable rules regarding the filing and/or use of materials designated for protection;

(f)     Court reporters, stenographers and videographers retained to record testimony taken in this Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    Document processing and hosting vendors, and graphics, design, and/or trial consulting services to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    Any other person with the prior written consent of the Producing Party or by order of the Court.

6.    Except as to the author, addressee, stated recipient, custodian, or a person who otherwise previously possessed or lawfully knew the specific information contained in the material, and except as to the disclosures expressly permitted in Paragraph 5 of this Section, material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any current officer, director, member, employee, investment professional, or other representative of a Receiving Party absent the Producing Party's written consent or further order of the Court.

7.    The Receiving Party shall not disclose any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an outside expert or consultant who could reasonably be anticipated to use that information in competition against the Producing Party without the prior consent of the Producing Party.

## VIII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.    **Timing of Challenges.** Any Party or non-party may challenge a confidentiality designation at any time. A Party shall not be obligated to challenge the propriety of a designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge.

2.    **Method of Challenge.** A Party initiating a challenge to a confidentiality designation shall do so in good faith by serving written notice on the Designating Party that identifies each challenged designation and describes the basis for each challenge with reasonable particularity. Within seven (7) calendar days after receiving the written notice of challenge, the Designating Party and the

Challenging Party shall begin a good-faith meet-and-confer process, conducted in person or by telephone, to attempt to resolve the dispute. Within fourteen (14) calendar days after receipt of the written notice of challenge, or within such other time as the Parties may agree in writing, the Designating Party shall state in writing whether it is maintaining, modifying, or withdrawing each challenged designation and, if maintaining the designation, the basis for doing so. If the Parties cannot resolve a challenge through the meet-and-confer process, the Challenging Party may seek relief from the Court in accordance with the Federal Rules of Civil Procedure, Local Civil Rule 37.2, and the Court's Individual Rules and Practices.

3.      In any challenge proceeding, the Designating Party bears the burden of establishing that the challenged material is properly designated under this Order and Federal Rule of Civil Procedure 26(c). Unless and until the Designating Party withdraws or modifies the designation, or the Court orders otherwise, all Parties and non-parties shall continue to treat the challenged material according to the designation initially asserted.

4.      **Waiver.** A challenge to a designation shall not waive any other objection to the discovery at issue. Frivolous challenges, and designations made for an improper purpose or without a good-faith basis, may subject the offending Party to appropriate relief or sanctions.

### IX.    USE AT DEPOSITIONS

1.      Any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this Action may be shown or examined on any information, document or thing, irrespective of designation, if it appears that the witness authored or received a copy of it, or is the Party or non-party, or is employed by the Party or non-party, who produced the information, document or thing, or if the Producing Party consents in writing to such disclosure. Consent to disclosure shall not be unreasonably withheld and shall be given within three (3) business days of any request for consent.  The disclosure of Protected Material to any such witness may be made only in

16

connection with preparing that witness for a deposition or hearing, or during a deposition or hearing. Prior to the disclosure of such Protected Material to any such witness, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound by the terms of such Order, and shall secure the signature of such person on a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

2.      For depositions, the Receiving Party shall not prepare more copies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" than are reasonably necessary for the deponent, his or her counsel, counsel for the Parties, and counsel of record expected to be in attendance.  At the conclusion of the deposition, one (1) paper copy of any such document marked as a deposition exhibit may be retained by the Party who noticed the deposition as part of the official deposition record.  All other copies of such documents brought to the deposition shall be collected and returned to the Producing Party or securely destroyed in a timely manner following the deposition.

3.      The use of a document as a deposition exhibit does not alter its confidentiality designation. Any transcript pages, exhibits, or video segments that disclose Protected Material shall be treated in accordance with this Order and any transcript-designation procedure set forth elsewhere in this Order.

## X.      OUTSIDE COUNSEL AND EXPERTS

1.      Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not disclose, use or apply such information or items for any purpose other than for work or services performed in the scope of this Action.

2.      Outside Counsel shall take reasonable steps to ensure that any outside expert, consultant, vendor, or service provider receiving Protected Material is given only the material reasonably necessary for that person's work in this Action and is bound by this Order.

17

3.      Nothing in this Section alters any additional requirements applicable to disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to outside experts or consultants under Section VII.

## XI.      USE IN THIS ACTION

1.      The status and designation of information or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be lost or impaired by use of such information or material in this Action or any appeal therefrom.  Whenever any Protected Material must be filed with the Court, Parties shall file and/or lodge those papers in a manner that is consistent with the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, or any local rules, as applicable.

2.      Nothing in this Order authorizes any Party to file Protected Material under seal or in redacted form merely because it has been designated under this Order. Any request to file material under seal or in redacted form must comply with Federal Rule of Civil Procedure 5.2, the Local Rules of the Southern District of New York, the S.D.N.Y. ECF Rules, and the Court's Individual Rules and Practices. Any such request must be narrowly tailored and supported by an adequate basis; the parties' agreement or a confidentiality designation alone is insufficient.

3.      Where Court approval is required, the filing Party shall publicly file the required letter-motion, publicly file a redacted version where appropriate, and file under seal the unredacted version with proposed redactions highlighted or otherwise in the manner required by the Court's rules and practices.

## XII.    NON-PARTIES

1.      This Order applies to Discovery Material produced by non-parties in this Action. Any non-party producing Discovery Material in this Action may designate material under this Order and shall be entitled to the protections of this Order to the same extent as a Party. A copy of this Order

18

shall be furnished to any non-party from whom discovery is sought if that non-party requests it or if a Party seeks to designate that non-party's material under this Order.

### XIII.   PROTECTED MATERIAL SUBPOENAED

1.      If a Receiving Party is served with a subpoena, civil investigative demand, public-records request, or court order issued in another proceeding that seeks material designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party shall promptly, and in no event later than three (3) business days after receipt, notify the Designating Party in writing and provide a copy of the subpoena, request, or order. The Receiving Party shall also promptly notify the person or entity that caused the subpoena, request, or order to issue that the requested material is subject to this Protective Order, and shall provide a copy of this Order.

2.      The purpose of imposing these duties is to alert interested parties to the existence of this Protective Order and to afford the Producing Party in this Action an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burden of seeking protection in that court of its confidential material. Until that tribunal rules, the Receiving Party shall not produce the designated material unless required by law or court order.

3.      The Receiving Party must inform the Producing Party of which data or documents, if any, it plans to produce in response to a subpoena, civil investigative demand, public-records request, or court order at least 10 days before any disclosure is made.  The Receiving Party must also provide a copy of the as-submitted response, together with any related cover letters or correspondence, to the Producing Party on the same day that the response is provided.

## XIV.    FILING PROTECTED MATERIAL

1.       Except as otherwise provided in this Order or otherwise ordered by the Court, any Party wishing to file any Protected Material must either (1) obtain written permission from the Producing Party to file such material in the public record, or (2) move the Court for leave to file the Protected Material under seal.  Unless and until the Court has ruled on such a motion, a Receiving Party may not file any Protected Material in the public record.  Nothing herein shall preclude any Party from filing a redacted version of such a pleading, brief, exhibit or other document in the public record that omits the Protected Material.

2.       A Party wishing to file Protected Material shall comply with this protective order and the Court's governing rules and practices. The filing Party need not obtain the Producing Party's permission before seeking leave to file the material in redacted or sealed form, but the filing Party shall meet and confer first with the Designating Party or any affected non-party to determine whether sealing, redaction, narrower redaction, or public filing is appropriate. Where the filing Party seeks sealing or redaction based on another Party's or a non-party's confidentiality designation, the filing Party shall provide notice sufficiently in advance to permit that Party or non-party to file any submission required by the Court's rules in support of sealing or redaction.

## XV.    REDACTIONS

1.       Pursuant to, and consistent with, the Federal Rules of Civil Procedure, any Producing Party may redact information from documents produced in discovery only to the extent the Producing Party reasonably and in good faith believes the redacted information: (i) is protected by the attorney-client privilege, work-product doctrine, joint-defense privilege, common-interest privilege, or another recognized privilege or immunity; (ii) is information required to be redacted under Federal Rule of Civil Procedure 5.2 or other applicable law; (iii) is irrelevant personally identifiable information, such as Social Security numbers, taxpayer-identification numbers, financial-account numbers, dates of birth,

passport numbers, driver's-license numbers, home addresses, personal telephone numbers not used for work purposes, personal email addresses not used for work purposes, or the names of minor children; or (iv) is irrelevant confidential third-party information, including non-party investor identities, limited-partner identities, bank-account information, or similarly sensitive third-party commercial or personal information, where narrower protection is not reasonably practicable.

2.      Redactions shall be narrowly tailored. A Producing Party may not redact information merely because it is confidential or embarrassing if the information is otherwise relevant and discoverable. Each redaction shall be clearly labeled "REDACTED" or with a comparable legend, and the Producing Party shall preserve an unredacted copy.

3.      Any Party may challenge a redaction under the same procedures that govern challenges to confidentiality designations. Pending resolution, the Producing Party shall, if requested, identify the basis for the redaction at a level of detail that does not reveal the redacted information itself.

## XVI.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

1.      Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of privileged, work-product-protected, or otherwise protected information, whether inadvertent or otherwise, is not a waiver of the privilege or protection in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection permitted by Federal Rule of Evidence 502(d). If a Producing Party discovers that it has produced privileged or otherwise protected material, it should promptly notify the Receiving Party in writing and identify the material by Bates number or other reasonably specific description. Upon receipt of such notice, the Receiving Party shall promptly sequester, return, or destroy all copies of the identified material and shall make no further use of it unless and until the claim is resolved.

2.      If the Receiving Party contests the claim of privilege or protection, it shall notify the Producing Party promptly in writing, shall continue to sequester the material, and may present the

21

material to the Court under seal for a determination of the claim. The Receiving Party shall not use or disclose the material, or any information derived from it, unless and until the Court rules that the material is not privileged or protected. Nothing in this Order limits a Party's right to conduct a review of documents, ESI, or information for relevance, responsiveness, segregation of privileged material, or confidentiality before production.

## XVII.  INADVERTENT FAILURE TO DESIGNATE PROPERLY

1.      The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material does not waive the right to make a later designation if the Producing Party promptly notifies the Receiving Parties after learning of the omission. After giving such notice, the Producing Party shall reproduce or otherwise identify the material with the correct designation within a reasonable time. Upon receipt of the corrected designation, each Receiving Party shall make reasonable efforts to retrieve and destroy or relabel unmarked copies and shall thereafter treat the material in accordance with the corrected designation.

2.      A Receiving Party shall not be in breach of this Order for any disclosure or use made before receiving notice of the corrected designation. To the extent material was disclosed before correction, the Receiving Party shall take reasonable steps to notify any unauthorized recipients of the new designation and to secure compliance going forward.

## XVIII. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

1.      If a Receiving Party learns that, by inadvertence or otherwise, it or a person to whom it disclosed Protected Material has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the Receiving Party shall immediately: (a) notify the Designating Party in writing; (b) use best reasonable efforts to retrieve all unauthorized copies; (c) inform the unauthorized recipient of the terms of this Order; (d) request that the unauthorized recipient execute Exhibit A; and (e) take reasonable steps to prevent further unauthorized use or disclosure. Within five (5)

22

business days of learning of the unauthorized disclosure, the Receiving Party shall provide the Designating Party with a written report identifying, to the extent known, the person or persons who received the material, the circumstances of the disclosure, the material disclosed, and the corrective steps taken.

2.      Unauthorized or inadvertent disclosure does not alter the confidentiality status of the material or waive the Designating Party's right to seek further relief.

## XIX.   EXPERT MATERIALS

1.      All matters concerning expert discovery shall be governed by the Federal Rules of Civil Procedure, the Local Rules, and the Court's Individual Rules and Practices, except as expressly modified by this Order.

2.      Consistent with Federal Rule of Civil Procedure 26(b)(4), the following need not be disclosed and are outside the scope of discovery, except as otherwise required by Rule 26(b)(4)(C) or other applicable law:

(a)      A Consulting Expert's communications, documents, or electronic information made or prepared in connection with this Action including, but not limited to, communications sent to or received by counsel for the Party retaining the Consulting Expert(s);

(b)      A Testifying Expert's (i) drafts of expert reports, declarations, affidavits, opinions, written testimony, or work papers prepared in connection with this Action or any other action; (ii) preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this Action or any other action; or (iii) other preliminary expert opinions or draft materials;

(c)      Notes or summaries of a Testifying Expert, or persons working at the direction of a Testifying Expert, prepared in connection with this Action or any other action;

(d) Any comments, whether oral or written, related to an expert report or affidavit of a Testifying Expert prepared in connection with this Action by (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction; and

(e) Any communications, whether oral or written, between a Testifying Expert and (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction, including any information and things included in or attached to such communications, except to the extent they are directly relied upon by the Testifying Expert in his or her expert report, declaration, affidavit, or testimony.

3. Notwithstanding the foregoing, the following are discoverable to the extent required by Federal Rule of Civil Procedure 26(b)(4)(C): communications relating to compensation for the Testifying Expert's study or testimony; communications identifying facts or data that counsel provided and that the Testifying Expert considered in forming the opinions to be expressed; and communications identifying assumptions that counsel provided and that the Testifying Expert relied upon in forming the opinions to be expressed. Nothing herein limits the disclosures required by Rule 26(a)(2)(B) or any Party's right to challenge the admissibility or qualifications of any expert.

## XX.    FINAL DISPOSITION

1. Unless otherwise ordered by the Court or agreed in writing by the Designating Party, within sixty (60) days after the Termination Date, each Receiving Party shall either return or destroy all Protected Material, including all copies, excerpts, compilations, summaries, and other materials embodying Protected Material.

2. Notwithstanding the foregoing, counsel of record may retain: (a) one archival copy of pleadings, motion papers, hearing or trial transcripts, deposition transcripts and exhibits, correspond-

ence, attorney work product, expert work product, and consultant work product, even if such materials contain Protected Material; (b) documents filed on the Court's docket; and (c) materials stored on backup tapes, disaster-recovery systems, or other routine archival systems that are not reasonably accessible in the ordinary course, provided that such retained material remains subject to this Order and is not accessed except as reasonably necessary for compliance, recordkeeping, or legal obligations. If the Designating Party requests written confirmation, the Receiving Party shall provide a certification that it has complied with this Section, except for materials permitted to be retained under this paragraph.

## XXI.   MISCELLANEOUS

1. **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification, additional protection, or relief from the Court.

2. **Termination of Matter and Retention of Jurisdiction.** This Order survives the final termination of this Action. The Court shall retain jurisdiction over all persons who have received Protected Material for the limited purpose of enforcing this Order and addressing any violation of it.

3. **Successors**.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

4. **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to producing or disclosing any information or item. This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding. Stipulating to entry of this Protective Order shall not prejudice in any way the rights of a Party to petition the

Court for a further protective order relating to any confidential information, nor prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

5.      **Modification by Court.** This Court is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by this Court as provided herein.

6.      **Bound by Order**.  All persons who have access to information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order acknowledge that they are bound by this Order, and that they submit to the jurisdiction of this Court for purposes of enforcing this Order.

7.      **Discovery Rules Remain Unchanged.** Except as expressly provided herein, nothing in this Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any Court order entered in this Action. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or the Court's own orders entered in this Action.

Dated: May 5, 2026

Respectfully submitted,

*/s/ Daniel M. Vitagliano (with permission)*
Thomas R. McCarthy**
Cameron T. Norris**
Daniel M. Vitagliano* (SDNY Bar No.
5856703)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
tom@consovoymccarthy.com
cam@consovoymccarthy.com
dvitagliano@consovoymccarthy.com

Patrick N. Strawbridge**
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
patrick@consovoymccarthy.com

*Supervised by principals of the firm admitted
to practice in VA

Counsel for Andav Capital and Nisha Desai

*/s/ Mylan L. Denerstein*
Mylan L. Denerstein
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-3850
mdenerstein@gibsondunn.com

Jason C. Schwartz (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036-4504
(202) 955-8242
jschwartz@gibsondunn.com

Gregg J. Costa (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 300
Houston, TX 77002-6117
(346) 718-6649
gcosta@gibsondunn.com

Attorneys for Defendants PayPal Holdings, Inc.
and PayPal Ventures

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

SO ORDERED.

May 6, 2026

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDAV CAPITAL,<br>NISHA DESAI,<br><br>     *Plaintiffs*,<br><br>   v.<br><br>PAYPAL HOLDINGS, INC.,<br>PAYPAL VENTURES,<br><br>     *Defendants*. | Case No. 25-cv-33 (JMF) |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1.  My name is_____

2.  I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3.  I declare under penalty of perjury that the foregoing is true and correct.


Executed this ____ day of _____ by _____
                                                (Print Name)

Signed_____

28