UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NISHA DESAI et al., Plaintiffs, -v- PAYPAL HOLDINGS, INC. et al., Defendants. | 25-CV-33 (JMF) MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

On September 22, 2026, Defendants filed a letter-motion seeking the production of certain documents from other actions related to discrimination or investment funding. *See* ECF No. 64. On September 25, 2026, Plaintiffs filed an opposition. *See* ECF No. 69.

Upon review of the parties' submissions, the Court is inclined to agree with Plaintiffs that the materials related to their private confidential mediations are likely shielded from discovery, absent a showing from Defendants of "(1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality." *Accent Delight Int'l Ltd. v. Sotheby's*, 505 F. Supp. 3d 281, 284 (S.D.N.Y. 2020). On the present record, Defendants do not appear to make such a showing. The Court is also inclined to agree that it should not order Plaintiffs to seek a partial lifting of the sealing order in their separately filed *qui tam* case because parties are generally "entitled to rely upon the enforceability of . . . [s]ealing orders," and courts should not displace them absent "some extraordinary circumstance or compelling need." *Palmieri v. New York*, 779 F.2d 861, 864 (2d Cir. 1985). Instead, the appropriate course of action would likely be for Defendants to seek relief from the court hearing the *qui tam* case in the first instance. *Cf. Millenium Labs. v. Allied World Assurance Co. (U.S.), Inc.*, No. 12-CV-2280 (KSC), 2013 WL 12073436, at *4 (S.D. Cal. Nov. 27, 2013).

By contrast, the Court is inclined to agree with Defendants that Plaintiffs cannot invoke the law enforcement privilege because they are not "the head of the department having control over the requested information," *United States v. Wey*, 252 F. Supp. 3d 237, 250 (S.D.N.Y. 2017) and, regardless, have not, on this record, met their "burden" of "show[ing] that the documents contain information that the law enforcement privilege is intended to protect," *In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010).

That said, the Court need not and does not decide these issues now because it concludes that, under Rule 26(b)(5) of the Federal Rules of Civil Procedure, Plaintiffs must produce a

privilege log as to the documents they seek to withhold. The documents in question are plainly relevant to the issues raised in this case for the reasons explained in Defendants' September 22, 2026 letter motion, *see* ECF No. 64, at 1, and would therefore be "otherwise discoverable" within the meaning of the Rule, FED. R. CIV. P. 26(b)(5). That distinguishes the documents at issue from the documents sought by the plaintiffs in *Edmondson v. RCI Hospitality Holdings, Inc.*, 16-CV-2242 (VEC), 2018 WL 4112816, at *2 n.2 (S.D.N.Y. Aug. 29, 2018), upon which Plaintiffs rely in resisting Defendants' demand for a log.

Accordingly, Plaintiffs are hereby ORDERED to produce a privilege log of the relevant documents **no later than October 14, 2026**. The parties should then meet and confer in good faith to resolve individualized objections to the invocation of privilege as to any document and raise further disputes with the Court only in the event they cannot reach agreement.

The Clerk of Court is directed to terminate ECF No. 64.

SO ORDERED.

Dated: October 2, 2026
New York, New York

JESSE M. FURMAN
United States District Judge